**BAUGH v. McCLESKEY et al. (No. 270.)**

Court of Civil Appeals of Texas. Eastland. March 4, 1927.

Rehearing Denied April 1, 1927.

1. Pleading ☞18—Allegations of failure to provide enough exits in case of fire and make hotel building reasonably safe for guests held too general.

In action for injuries to guest jumping from burning hotel, allegations that defendant owners failed to provide and maintain sufficient number of exits and means of escape and to make building reasonably safe for guests, under all facts and circumstances alleged, *held* properly stricken as too general, indefinite, speculative, and not setting forth particular facts constituting negligence.

2. Landlord and tenant ☞167(1)—At common law, building owner is not required to provide fire escapes.

At common law, there was no duty imposed on owner of building to provide any other means of escape from fire than ordinary halls, stairs, doors, and windows.

3. Innkeepers ☞10—Hotel building owner, providing statutory fire escapes, absolved from negligence in not providing other means of escape.

Compliance with statute as to fire escapes absolves hotel building owners from negligence in not equipping each room with rope, chain, or other means of escape from fire.

4. Landlord and tenant ☞167(8)—Innkeeper is not insurer of guests' safety, and landlord owes no higher duty.

An innkeeper is not an insurer of his guests' safety, and his landlord owes no higher duty.

5. Innkeepers ☞10—Innkeeper's negligence in connection with circumstances producing guest's injury must be shown.

To charge innkeeper with liability for injury to guest, innkeeper's negligence in connection with very circumstances which produced injury must be shown.

6. Landlord and tenant ☞167(8)—Hotel guest, injured by jumping when cut off from statutory fire escape, held not entitled to recover from lessor.

Guest injured by jumping from window of burning hotel when cut off by flames from statutory fire escape *held* not entitled to recover from owners because of their failure to equip room with rope, chain, or other means of escape, in absence of pleading or contention that they or innkeeper operating under lease were negligent in connection with circumstances causing fire.

7. Landlord and tenant ☞167(8)—Hotel building owners, sued for injuries to tenant's guest in escaping fire, held not negligent in constructing walls and ceiling of beaverboard.

Hotel building owners, sued for injuries to tenant's guest jumping from third floor to escape from fire, *held* not negligent in constructing walls and ceilings of second and third floors of beaverboard, even if more inflammable than pine, in absence of proof that it was not frequently so used.

8. Constitutional law ☞70(3)—Court cannot legislate, but must declare law, however strongly facts may appeal.

Court's duty is not to legislate, but to declare law as established, however strong appeal made by facts may be.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Ella Baugh against W. L. McCleskey and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Burney Braly, of Fort Worth, and L. R. Pearson, of Ranger, for appellant.

Nolan Queen, of Weatherford, and Turner, Seaberry & Springer, of Eastland, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HICKMAN, J. This is a suit by appellant for damages for injuries sustained by her in jumping from the burning McCleskey Hotel in Ranger, in the summer of 1924. The appellees were the owners of the building, which was being operated as a hotel by a tenant under a lease contract. At the conclusion of the testimony the trial judge peremptorily instructed a verdict in favor of the appellees, upon which verdict judgment was rendered that appellant take nothing by her suit. From this judgment an appeal has been perfected to this court, and we are called upon to determine whether or not, in our opinion, there was any ground justifying the withdrawal of the case from the jury without permitting them to pass upon the issues of fact pleaded and proven.

The facts disclose that the appellant, at the time of the fire, was a widow, about 42 years of age, the mother of three children; that she was a traveling saleswoman, going from place to place in company with three other women and an advance agent, demonstrating and selling chicken, cow, and horse feed for the Universal Mills. The company of women arrived in Ranger on the afternoon immediately preceding the fire and went to the McCleskey Hotel, where arrangements had already been made for their rooms by the advance agent of the company. The appellant occupied a room that night on the third floor of the hotel with two of her lady companions. About 2 o'clock in the morning she was awakened by pistol shots and the screams of one of the ladies sharing her room with her, calling out that the building was on fire. When she awoke, her lips were already parched and smoke filled the room. She attempted to leave the room and reach the fire escape by way of the door, but before she reached the door it fell in on her and the flames cut her off from the fire escape. As the door fell, flames rushed into the room. In her desperation, she climbed up in the window and jumped.

The injuries sustained by her were indescribably horrible. For months she lingered upon a bed of pain in a hospital, where operation followed operation, and, upon reading the testimony, we marvel that she is alive and able to prosecute this suit. The fate of the other occupants of this room is not disclosed by the record. Appellant based her cause of action upon three specific grounds of negligence, as follows:

First. That the entire interior walls, partitions, and ceilings of the building were constructed of a material commonly known as "beaverboard," which was attached to a framework of pine lumber and held in place by thin pine lathes. That the "beaverboard" was a thin, dry, and highly inflammable material, composed chiefly of paper and paper pulp, which did not reasonably resist fire or retard the spreading thereof, but, on the other hand, was exceedingly easy to ignite and quick to burn and to communicate flames to all adjacent objects. That, because of the material of which the interior of said building was constructed, the fire spread with such rapidity that it was impossible for her to escape from the building through the fire escape or the ordinary exits and passageways provided therein. In short, this ground of negligence was that appellees maintained a building which was not reasonably safe for the guests who might be lodged therein.

Second. That, under all the facts and circumstances alleged, appellees were guilty of negligence in failing to provide and maintain a rope, chain, or some other suitable device in each room by means of which, in case of fire, the guests might make their escape to the ground below.

Third. That appellees were negligent in failing to provide and maintain a sufficient number of exits and means of escape from said building in the event of fire.

These grounds will be discussed in their inverse order.

Besides a general and special demurrer and general denial, appellees pleaded assumed risk and contributory negligence.

[1] A special exception was sustained by the trial court to the allegations of the third ground of negligence, and they were stricken from the pleading by the court on the ground that they were too general, indefinite, and speculative and failed to set forth the particular facts constituting negligence. The appellant did not amend to cure the objection, but complains here of the action of the court in sustaining the special exception. We overrule the assignment complaining of the action of the court in this regard. The particular allegations set forth no facts, were merely a general statement that appellees "failed to provide and maintain a sufficient number of exits and means of escape from said building in the event of fire, to make the building reasonably safe for the guests therein, including plaintiff, under all the facts and circumstances herein alleged." The allegations are too general. However, this ground of negligence, even if more specifically pleaded, would be governed by the same rules of law as the other grounds alleged, and our views with reference to it will appear from our discussion of the other issues presented by the appeal.

The suit was not predicated upon the failure of appellees to construct and maintain a fire escape as required by law. The evidence discloses that the hotel was equipped with the statutory fire escape, and that it was inspected and approved by the state fire marshal only a few days before the fire. The fire chief of Ranger testified as a witness for appellant that, in addition to the statutory fire escape, the building was equipped with an outside stairway leading to the second floor. Appellant's action is therefore referable to the common law, and to it we must look to determine the liability of appellees.

The allegations of the appellant with respect to equipping each room in the hotel with a rope, chain, or other means of escape in case of fire are, in effect, that it was the duty of appellees to maintain additional fire escapes to those provided by law. The contention is made that a mere compliance with the statutory requirement is not sufficient to absolve the owners of a building from liability, if it be shown that the means of escape required by law were insufficient to insure the safety of the guests.

[2] It is well settled by the decisions in many states, to which decisions we must look to determine the common law, that at common law there was no duty imposed upon an owner of a building to provide any other means of escape from a fire than the ordinary halls, stairs, doors, and windows. Schmalzried v. White, 97 Tenn. 36, 36 S. W. 393, 32 L. R. A. 782; Jones v. Granite Mills, 126 Mass. 84, 30 Am. Rep. 661; Arms v. Ayer, 192 Ill. 601, 61 N. E. 851, 58 L. R. A. 277, 85 Am. St. Rep. 357; Pauley v. Steam Gauge & Lantern Co., 131 N. Y. 90, 29 N. E. 999, 15 L. R. A. 194; West v. Inman, 137 Ga. 822, 74 S. E. 527, 39 L. R. A. (N. S.) 744, Ann. Cas. 1913B, 276; Weeks v. McNulty, 101 Tenn. 495, 48 S. W. 809, 43 L. R. A. 185, 70 Am. St. Rep. 693.

[3] In the case of Pauley v. Steam Gauge & Lantern Co., supra, it is said:

"We must hold, therefore, that the law of 1887 [Laws 1887, c. 462] imposed a duty upon the owners or occupants of the prescribed class of factories, for an omission to perform which the operatives injured by the omission might recover damages. But the duty so imposed is both created and measured by the statute. It is a new duty, having no other origin and no other measure, and cannot be made to outrun or exceed the terms of the act. The defendants performed that duty. They placed two fire escapes upon their factory, which connected with each floor above the first, and were well fastened, perfectly secure, and of sufficient strength. Their number, character, and location were examined and approved by the public officer appointed under the law, with whom the subject was fully discussed, and who, after the work was done, and he had carefully inspected it, expressed his approval, and reported to his superiors that this factory had in all respects obeyed the law."

We think this is a correct statement of the principles applicable to this case. There being no common-law duty upon appellees to furnish the means of escape described in appellant's petition, their only duty with regard to fire escapes was created by statute, and a compliance by them with the statute absolves them from negligence in this particular.

[4, 5] An innkeeper is not an insurer of the safety of his guests, and certainly the landlord of the innkeeper owes no higher duty than the innkeeper himself. In order to charge the innkeeper with liability for injury to the person of his guest, negligence on the part of the innkeeper must be shown in connection with the very circumstances which produced the injury.

In the case of Weeks v. McNulty, supra, the court quotes with approval 11 American & English Encyclopædia of Law, p. 32, as follows:

"The courts of this country, whether regarding the statute of Anne as in force or not, have unanimously held that negligence or misconduct was the gist of the action against one upon whose premises a fire had originated, and that such negligence would not be presumed from mere proof of the loss by fire communicated from the premises of another."

The same authority states the rule to be that:

"It must be shown that the negligence of the innkeeper in this case was the proximate cause of the fire and the consequent injuries."

[6] In this case it is neither pleaded nor contended that either the innkeeper, who is not a party to this suit, or the owners, appellees, were in any manner negligent in connection with the circumstances causing the fire, but the admission is made that the origin of the fire is unknown.

The case of Radley v. Knepfly, 104 Tex. 130, 135 S. W. 111, indicates the view of our Supreme Court upon this point. The facts of that case were almost identical with the facts of this case. A guest on the third floor of a hotel was killed by jumping from the window of the burning building. Suit was brought by the widow and children of the deceased against the owner of the building for damages on account of his death. The ground of negligence alleged was the failure to comply with the city ordinances of Dallas with reference to the erection and maintenance of fire escapes. Proof was made of such failure; but the proof showed in that case that such failure was not the proximate cause of the death of the deceased, because, when he awoke, the fire had cut him off from going to the fire escape from his room, had there been a fire escape at the place required by law. Judge Ramsey wrote the opinion of our Supreme Court, and affirmed the judgment of the trial court peremptorily instructing the jury to find for the defendant on the ground that, the failure of the defendant to comply with the law not being the proximate cause of the death of the deceased, there was no liability established.

There was no allegation in that case, as in this case, of negligence because of failure to provide additional fire escapes to those provided by law, but an allegation of negligence for failure to comply with the law.

The case was tried and proceeded on the theory that, in order to fix liability of the owner of the building for injuries to one rightfully therein occasioned by the burning thereof, it must be proved that the owner failed to comply with the requirements of the law regarding fire escapes, and that such failure

must have been the proximate cause of the injury.

We have read a great many cases from many states in the Union upon the question, and they all proceed upon the theory that liability must be based upon a failure to comply with the statutes regarding fire escapes. Most of the states have statutes upon the subject, and this circumstance, in connection with the circumstance that no case has been found even seeking to hold the owner of a building liable for failure to maintain additional fire escapes to those required by statute, lend force to the rule announced above that there was no common-law liability on the part of the owner of a building to equip same with means of escape in case of fire other than the ordinary stairs, halls, doors, and windows.

We therefore conclude that appellant was not entitled to a recovery against the appellees on account of their failure to equip the room occupied by her with a rope, chain, or other means of escape from fire.

[7, 8] The other ground of negligence relied upon by appellant was on account of the material entering into the construction of the interior of the building. The proof shows that the outside walls of the building were constructed of very fine brick. A photograph accompanies the record, showing the structure to have been an imposing three-story brick building. The first floor was semifireproof, but the second and third floors were constructed of pine and "beaverboard." There is no proof in the record of the allegation that "beaverboard" was more inflammable than pine. A proof of the fact that "beaverboard" was a kind of pasteboard or pressed paper, is no proof of the fact that it was more inflammable than wood. Common experience teaches that paper can be so pressed together that it will burn very slowly. The evidence discloses that the flames entered the room occupied by appellant, not by burning through the "beaverboard" walls or ceiling, but by caving in of the wooden floor. Appellant insists that the unprecedented rapidity of the fire is within itself evidence of the inflammable nature of the "beaverboard," and that the jury should have been permitted to say whether or not such fact proved her allegations. The facts show that the fire must have originated underneath the stairway on the ground floor, and, on account of the height of the building and the nature of its construction, a strong suction must have been created. This necessarily caused the flames to spread rapidly over the building. No proof was offered that "beaverboard" was not a material frequently used for walls and ceilings. We know of no rule of law by which a court could determine or permit a jury to determine that the walls and ceilings of a building should have been constructed of any particular kind of material. Even if it be conceded that "beaverboard" is more inflammable than pine, does the conclusion follow that pine should have been used instead of "beaverboard" for the walls and ceilings of this building? If so, then upon the same reasoning, the walls and ceilings should have been constructed of metal lathes and plaster, for a plastered wall is less inflammable than a pine wall. Reduced to its last analysis, a holding by this court that it is actionable negligence for the owner of a hotel building to maintain "beaverboard" walls and ceilings therein is tantamount to a holding that it is actionable negligence to maintain any character of a hotel building that is not fireproof, for the difference between "beaverboard" and any other material which may be consumed by fire is a difference in degree rather than in kind. However strong may be the appeal made by the facts in this case, we cannot announce this strange and new doctrine. We can scarcely imagine facts more calculated to cause a court to look well into the authorities and determine whether or not there is any ground for granting relief, but our duty is not to legislate but to declare the law as we decide it has been heretofore established.

We believe that under the law the appellees cannot be charged with responsibility for the injuries suffered by this unfortunate woman, and, so believing, it is our order that the judgment of the trial court be affirmed.