## MONTFORT v. WEST TEXAS HOTEL CO.
### No. 3684.

Court of Civil Appeals of Texas. El Paso.
May 19, 1938.

Rehearing Denied June 2, 1938.

Fred C. Knollenberg and J. M. Deaver, both of El Paso, for appellant.

Kemp, Nagle & Smith, of El Paso, for appellee.

NEALON, Chief Justice.

Appellee West Texas Hotel Company is an innkeeper and operates the Hotel Cortez at El Paso, Texas. E. M. Montfort and wife were paying guests at Hotel Cortez on January 15, 1937, at which time Mrs. Montfort fell down a flight of stairs. Her fall was occasioned by her stepping upon a drinking glass that had been left upon one of the stairs. Plaintiff brought this action against appellee to recover damages on account of his wife's injuries. The case was submitted to a jury, which found that her fall was occasioned by stepping upon the drinking glass, that the glass had been there such a length of time that the defendant by the use of ordinary care should have known of its presence; that the Hotel Company was negligent in failing to discover the glass on the step; that such negligence was the proximate cause of Mrs. Montfort's fall; that she suffered damages, in the amount of $1875. Upon motion of appellee judgment was rendered for defendant non obstante veredicto. From this judgment plaintiff appeals.

The evidence did not indicate who placed or left the glass upon the stair or the length of time that it had been in such position before Mrs. Montfort was injured or that any of defendant's agents or servants knew of its presence upon the stair.

Opinion.

Appellant's contentions are confined to two propositions: (1) That the doctrine of res ipsa loquitur applied, and that the burden was upon defendant to show that it was not negligent; (2) that defendant owed Mrs. Montfort the duty of furnishing a safe place to walk and the Court should not have placed upon plaintiff the burden of showing who placed the glass upon the stair or how long it had been there.

With these propositions we do not agree. As an innkeeper, defendant was not an insurer of its guests' safety. Its responsibility was limited to the exercise of reasonable care. 14 R.C.L. p. 509; Baugh v. McCleskey, Tex.Civ.App., 292 S.W. 950; Baker v. Dallas Hotel Company, 5 Cir., 73 F.2d 825; Crockett v. Troyk, Tex.Civ. App., 78 S.W.2d 1012.

It was not proved that the object that caused the injury was used by defendant in the operation of its business. The evidence does not indicate by whom it was used or how it happened to be upon the stair. The doctrine of res ipsa loquitur does not apply.

The question of appellee's liability depends upon whether evidence that defendant was negligent was placed before the jury. For such negligence to be actionable it must have been in connection with the circumstances producing the guest's injury, and the burden of proof rests upon the plaintiff. Baugh v. McCleskey, supra. It cannot be presumed without evidence that the defendant had in fact such control of every part of the premises as to make it reasonable to infer that its servants, contrary to their duty, either put this glass upon the stair or negligently allowed it to be there when they knew or should

have known of its presence, rather than that it may have come to be there without their fault. Such is the principle enunciated in Missouri K. & T. R. Co. v. Jones, 103 Tex. 187, 125 S.W. 309, the Court saying (page 310), "Such a presumption would contradict common experience, and common experience is the basis of presumptions of fact." There was no evidence that the glass had been in its dangerous position long enough to justify the inference that a failure to discover and remove the same was due to a want of proper care. Wichita Valley R. Co. v. Helms, Tex.Civ.App., 261 S.W. 225; Rhodes v. Houston, E. & W. T. R. Co., Tex.Civ.App., 242 S.W. 263. For statements of the duty owing to invitees under somewhat similar circumstances, see Worth Food Markets, Inc., v. Le Baume, Tex.Civ. App., 112 S.W.2d 1089; Safeway Stores, Inc., of Texas v. Miller, Tex.Civ.App., 110 S.W.2d 927; Great Atlantic & Pacific Tea Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470.

As stated, it is conceded in the present case that there was no evidence as to who placed the glass upon the stair or how long it had been there. Nor was there any evidence of failure of defendant to properly inspect its premises. The action of the Court was justified.

Judgment is affirmed.