## TEXAS HOTEL CO. OF LONGVIEW et al.
## v. JONES et al.
### No. 5533.

Court of Civil Appeals of Texas. Texarkana.

July 6, 1939.

Wynne & Wynne, Angus G. Wynne, and Henry H. Harbour, all of Longview, Frank S. Anderson, of Galveston, and Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

Bibb & Bibb, of Marshall, and Collins, Pate, Hatchell & Garrison, of Lufkin, for appellees.

WILLIAMS, Justice.

In this case judgment for damages was obtained against appellants, the Texas Hotel Company of Longview, and the National Hotel Company, for the death of F. D. Jones, alleged to have perished in the fire which destroyed Hotel Longview in Longview, Texas, on March 29, 1934. Plaintiffs were Mrs. Lasca Graham, formerly Mrs. F. D. Jones, joined pro forma by her present husband, Frank Graham, Edwin Jones, minor son, by his guardian, and the Maryland Casualty Company, which had been the compensation insurer of the employer of F. D. Jones, and which, pursuant thereto, had paid compensation to the widow and minor son.

Recovery was sought against the Texas Hotel Company of Longview upon the theory that this corporation operated and owned the hotel in question. Recovery was also sought against the National Hotel Company upon the theory that the latter owned the first-named company and had created it as a dummy corporation, and in fact was operating same through such an agency. The claim of liability was based upon the tort of negligence.

Defendant Texas Hotel Company answered with general demurrer, numerous special exceptions (leveled primarily at the allegations with reference to the character of materials out of which the hotel was constructed), a general denial, a special denial of any negligence, a plea of assumption of risk, and a plea that the sole proximate cause of the fire and of the death of F. D. Jones, if he died in the fire, was the suddenness and fierceness of the fire. National Hotel Company answered by filing general demurrer, special exceptions, and by adopting the answer of its co-defendant.

The verdict of the jury, upon special issues submitted, found facts as follows: That "on or about March 29, 1934, F. D. Jones died in the fire in question." That the Texas Hotel Company of Longview on said date was not in good faith running and operating said Hotel Longview as an independent corporation, and it was the agent of and under the management and control of the National Hotel Company in the operation of Hotel Longview. That "the employees of Hotel Longview failed to immediately call the fire department up-

on discovering that said hotel was on fire," and such failure was negligence and a proximate cause of the death of F. D. Jones. That "the employees of Hotel Longview, upon the discovery of the fire, failed to immediately warn F. D. Jones," and such failure was negligence and a proximate cause of his death. The jury further found that the fire originated in the lobby-porter's closet under the stairway on the east side of the lobby and this closet was under the exclusive control of the agents, servants or employees of Hotel Longview. That "there was negligence on the part of the management in the operation of the closet" and this was a proximate cause of the death of F. D. Jones. That "the death of F. D. Jones on the occasion in question was not the result of an unavoidable accident." The jury answered that the fire was not sudden and fierce. No issues were submitted or requested on the question of assumed risk. No violation of any statutory fire regulation is involved. The doctrine of res ipsa loquitur was not raised.

■ The allegations in the pleadings and the theory upon which plaintiffs sought recovery against the National Hotel Company in the instant case are the same as detailed and discussed in National Hotel Company v. Motley, Tex.Civ.App., 123 S.W. 2d 461, 468. The evidence upon this question in this cause is the same. It is also observed that the jury's findings upon this theory are identical to those detailed in the Motley case. The Eastland Court of Civil Appeals discussed the liability of this company under that record and concluded that the trial court should have instructed a verdict in favor of the National Hotel Company. The Supreme Court has approved the judgment there rendered by dismissing application for writ of error, and such action concludes the question here. Hence the judgment as to National Hotel Company will be reversed and here rendered that plaintiffs take nothing in their cause of action as to said company.

■ Upon the issue of failure to immediately call the fire department the evidence here is practically the same as contained in the Motley case, supra. The material difference is that the deceased in the instant case occupied a room on the east side of the east wing on the third floor, and in the Motley case the plaintiffs occupied a room in the west wing. Then, too, the alleged delay in calling the fire department was strengthened by the plaintiff in the

Motley case as to the exact time "by her watch" when she discovered the fire. In passing upon the evidence presented in the Motley case the Eastland Court said: "If, however, it should be granted that there was evidence to raise the issue of delay in calling the fire department and that such delay was negligence—the latter a subject to be noticed later—we feel even more certain that there was no evidence of any probative value to raise the issue that such delay was a proximate cause of plaintiff's injuries. Taking plaintiff's own estimate of the delay as ten minutes, and considering the character of rescue work that was done after the firemen did arrive, and that which would have been required to be done in any event, it can at most be said to be no more than a mere guess or surmise that had the fire department been called ten or more minutes earlier than it was called, the plaintiff would have been rescued without injury."

The Supreme Court dismissed application for writ of error, thus approving the judgment reached in that case.

■ In the instant case the jury found that the employees of the hotel failed to immediately warn Jones upon discovery of the fire, and this failure was negligence and a proximate cause of his death. In Texas Hotel Company of Longview et al. v. R. W. Cosby et al., 131 S.W.2d 261, this day decided by this court, the jury found that the employees failed to warn plaintiffs, that this was negligence and a proximate cause of plaintiffs' injuries. We have here a finding that the employees failed to immediately warn, whereas in the Cosby case we had a finding of failure to warn. This makes the element of time more prominent in considering if such alleged failure to immediately warn was negligence. This time element is further accentuated by the fact that the deceased occupied a room in the east wing where the fire originated. The witnesses and the evidence upon all the material facts in regard to the use of the p. b. x. telephone switchboard by the night clerk, the shouts, screams and commotion arising after the discovery of the fire are substantially the same as contained in the Cosby record. However, in this record there is evidence that rocks were thrown from the outside against windows in an effort to warn occupants. This record further discloses that from 2/3 to 3/4 of the 114 or 144 rooms in the hotel were occupied the night of the fire. We do not deem it neces-

sary to further detail the evidence, for to do so would practically amount to a repetition of the evidence and observation set out in the Cosby case. As concluded in the Cosby case, applicable here, "under the foregoing situation in connection with the equipment at hand, the time-element involved, and the results that may have been accomplished, are so speculative that such alleged failure to use the telephone, if negligence, would not support a jury's finding that it was a proximate cause" of the death of F. D. Jones.

The evidence and observations made in the Cosby case pertaining to the lobby-porter's closet are applicable to the record in the present case. The evidence is practically the same. We pretermit a discussion of other propositions urged.

Pursuant to the conclusions reached in the Motley case, supra, by the Eastland Court of Civil Appeals, the action of the Supreme Court on application for writ of error, and the conclusions expressed in the Cosby case, supra, the judgment as to the National Hotel Company is reversed and rendered in favor of that company; as to the Texas Hotel Company of Longview, the judgment is reversed and the cause remanded.