**HAYS v. THE TEXAN, Inc., et al.**

No. 14559.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 15, 1943.

Rehearing Denied Nov. 12, 1943.

John Davenport and H. M. Muse, both of Wichita Falls, for appellant.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellee The Texan, Inc.

Bromberg, Leftwich, Gowan & Schmucker, of Dallas, for appellee R. C. Levy.

SPEER, Justice.

Plaintiff Leon Hays sued The Texan, Inc., a corporation, and R. C. Levy for damages sustained when he jumped from the fifth story of a hotel building operated by defendants, to avoid being burned to death when the building was consumed by fire.

The trial court sustained special exceptions to plaintiff's petition, and when he declined to amend, the case was dismissed; from the judgment of dismissal plaintiff has appealed.

The amended pleadings upon which plaintiff relied alleged that defendants jointly operated the hotel, and that he was a paying guest at the time of the fire. He charged that the fire occurred during the early morning hours of May 14, 1942; that he was asleep in his room at the time.

The negligent acts of defendants, charged to have been the proximate causes of plaintiff's injuries, are, substantially, as follows: (1) The hotel building was constructed of brick on the outside, with hallways extending its entire length on all floors. The hall floors and elevator shaft, the latter extending from bottom to top, were built of pine inflammable materials and were so situated as to create a strong draft through the whole building, thereby causing a rapid spreading of fire on the occasion in question; that all said facts were well known to defendants. (2) Failure of defendants to have installed and maintained, on the floor where the fire started, adequate fire hose in sufficient length to reach and convey water to the room where the fire started, and failure to properly inspect said fire fighting equipment before the fire to see that it and any other auxiliary fire fighting equipment on said floor were usable for said purpose in case of an emergency. (3) Failure of defendants to maintain adequate fire extinguishers or other auxiliary fire fighting equipment on said floor in that such fire extinguishers as they had on said floor, and the solution therein, had been allowed to deteriorate until they were not usable for the purposes intended. That if said extinguishers had been in usable condition they could and would have been used in a way so as to quench the fire before it spread to the room occupied by plaintiff. And (4) failure by defendants, after they knew the fire had started, and they had discovered the peril of plaintiff, to notify him by telephone or otherwise of the fire; that he had a telephone in his room connected with the control telephone system at or near the office on the ground floor; that the telephone system was in operation after the fire had started; that he was not called or otherwise aroused from sleep by any effort or acts of defendants.

The petition contains allegations to the effect that because of the failure of defendants to in some way notify him of the fire, to save his own life he was forced to jump from the fifth story to the roof of an adjacent one-story building. Full allegations are made of the nature and extent of the injuries received, and, as described, they were serious.

Referable to the first subdivision of the petition made by us above, defendants specially excepted, substantially because the petition did not set out any facts to support the conclusions pleaded, and that the alleged facts were immaterial and prejudicial before a jury, and do not set forth any legal liability of defendants in connection with the things stated.

Relating to second division by us, exception was leveled at the pleadings because they were conclusions, not supported by fact allegations and because such facts as were stated were immaterial and prejudicial before a jury; that there were no allegations as to what would have been adequate fire hose; that no allegations were made that it was the duty of defendants to keep and maintain on the floors of the hotel adequate fire hose of any description for any purpose.

To our subdivision 3 of the petition, defendant excepted because of a lack of allegation in the petition as to the nature of the inspection defendants were required or obligated to make of the fire hose on each floor of the hotel, which, if violated, would or could make such failure a proximate cause of plaintiff's injuries. Further, because there were no allegations that defendants had the duty to inspect such fire fighting equipment, or to instruct their em-

ployees in the use thereof; that all said allegations as were made were immaterial and prejudicial to defendants' rights before a jury. They further excepted because there was no allegation as to what defendants should have done after making an inspection of the equipment, if necessary to make one, and because of a lack of allegations showing that such failure of defendants could or would have been the proximate cause of the fire.

To subdivision 4 of the pleadings made by us, several special exceptions were urged. They are, in substance: That no allegations were made that it was the duty of defendants to call plaintiff by telephone or otherwise notify him that a fire had broken out, since it was not made to appear how the fire had progressed after defendants knew of it, nor that a telephone call to him would have been effective to arouse him, nor that the fire was occasioned by any negligent act of defendants, and that if an attempt is made to inject the doctrine of discovered peril into the case, there were no allegations that defendant discovered and realized the dangerous situation in which plaintiff was for a sufficient length of time to arouse the guests in the hotel.

There are 14 of these special exceptions, some of which repeat much that is contained in others, but we believe we have given enough to present a fair picture of what was before the court when the exceptions were sustained.

The petition in this case indicates that the two named defendants operated the hotel jointly; but by another count it is disclosed that defendant The Texan, Inc., had leased the premises to defendant Levy. If the alleged cause of action is to be measured by the alternative allegation, the liability of the corporation certainly would be controlled by a different rule to that of the lessee. Baugh v. McCleskey, Tex.Civ. App., 292 S.W. 950; National Hotel Co. v. Motley, Tex.Civ.App., 123 S.W.2d 461, 469, writ dismissed, want of merit. In view of our conclusions reached in this case, it becomes unnecessary to treat their liability separately.

In the Motley case, last cited, it was held that allegations that a hotel was constructed of inflammable materials, as a ground of negligence, were "immaterial to any real ground of possible liability and were of a very prejudicial nature". And that exception should have been sustained to the allegations.

It must be observed that plaintiff seeks to hold defendants liable for his injuries, upon the theory of negligence, proximately causing the injuries sustained. "It is an elementary principle of law that negligence is a failure to observe a legal duty, * * * that to constitute negligence at all, there must be some violation of duty. * * * It is further noted that the elements or factors involved (in negligence cases) are: (1) duty, (2) nonperformance thereof, and (3) injury." 30 Tex.Jur. 649, sec. 3.

It is not every wrongdoing by one person that will entitle another to recover damages from him, even if the latter suffered an injury remotely connected with or produced by such original wrongdoing. The wrongdoer must have violated a duty owing by him to the injured party, which violation of duty proximately caused the injury. The violation of duty one owes to another cannot ordinarily be a proximate cause of the injury unless "the actor knew or ought to have known or foreseen that the prejudicial occurrence or situation would happen or come into existence." 30 Tex.Jur. 694, sec. 42.

In Baugh v. McCleskey, Tex.Civ. App., 292 S.W. 950, a somewhat similar situation was involved to that before us. We think the correct rule was there announced relative to the negligence charged in this case by the construction of a hotel of inflammable materials. The rule there stated is that an innkeeper is not the insurer of the safety of his guests and that in order to charge the innkeeper with liability for injuries to the person of his guests, the negligence of the innkeeper must have been in connection with the very circumstances which produced the injuries. The court quotes with approval from Weeks v. McNulty, 101 Tenn. 495, 48 S.W. 809, 43 L.R.A. 185, 70 Am.St.Rep. 693, this language: "It must be shown that the negligence of the innkeeper in this case was the proximate cause of the *fire* and the consequent injuries. In this case it is neither pleaded nor contended that either the innkeeper, who is not a party to this suit, or the owners, appellees, were in any manner negligent in connection with the circumstances *causing the fire,* but the admission is made that the origin of the fire is un-

known." [292 S.W. 952.] (Emphasis ours). In the McCleskey case, supra, it was held that there is no rule of law requiring hotels to be constructed of any particular kind of material. It is proper here to add also that as applicable to other allegations mentioned we know of no statute or other rule of law that requires innkeepers to keep and maintain adequate fire fighting apparatus, to constantly inspect same to see that it is adequate or even useful in cases of emergency, or to instruct his employees in the manner of its use. No one would doubt that such steps on the part of an innkeeper, in many instances, would be wise, but until the law-making body prescribes such expediencies as a duty, we are not privileged to do so. It follows that since no legal duty was enjoined upon defendants to do these things, their failure could not be deemed negligence.

That part of plaintiff's petition which asserts negligence by defendants for having failed to call his room by telephone or otherwise to notify him of the fire after it started has given us no little concern.

We have carefully studied the allegation on this point. We must bear in mind that the petition makes no attempt to attribute to defendants negligence in connection with the origin of the fire, nor anything that was done by them or under their direction after it started—only that defendants knew of plaintiff's condition and did not notify him. Before an effort on defendants' part to notify him could or would have prevented the injury, it is obvious that the time element comes into the picture. There is an allegation that he had a telephone in his room, that he was asleep, and that the telephone at the p.b.x. in the office was working after the fire started. The petition is silent as to the origin of the fire, whether or not it was caused by the negligence of defendants; where the fire originated, whether in a room occupied by a guest or one used by the manager; how long after the fire originated before it was discovered by defendants and how far it had progressed when it was discovered; whether or not the telephone system was being operated after the fire was discovered, and, if so, for what purpose it was being used—whether to notify the fire department or other guests or employees in the building; and if to notify other guests, it does not appear how many were notified of the fire, nor whether there was sufficient time after the discovery of the fire to notify all guests, including plaintiff; nor is it alleged that plaintiff would have been aroused from his sleep if the operator had attempted to call him on the telephone. If it could be said that defendants were in duty bound to notify plaintiff that the building was on fire, a matter we find it unnecessary in this case to determine, it is fundamentally true that before the petition would stand as against special exceptions, facts must be alleged as a basis for the introduction of evidence to prove it at a trial.

In support of his contention that defendants were negligent in failing to notify him by telephone or otherwise of the fire, plaintiff cites and relies upon Texas Hotel Co. of Longview v. Jones, Tex.Civ.App., 131 S.W.2d 265, and Texas Hotel Co. v. Cosby, Tex.Civ.App., 131 S.W.2d 261, writ dismissed, want of merit. As we read those cases, the question of the sufficiency of pleadings was not involved, as it was in the instant one. While the pleadings are not set out in the opinions, but in response to special issues the jury found these pertinent facts to exist: That the fire originated in the porter's closet on the lobby floor; that the closet was under the exclusive control of the hotel manager, his agents, servants and employees; that defendants were negligent in the management of the closet and that such negligence was a proximate cause of the fire. Obviously there were allegations of negligence in failing to notify the plaintiff of the fire in time to enable him to escape, because the jury so found, and that such negligence was a proximate cause. Both of the cited cases were reversed because of the insufficiency of the testimony to show negligence, in the matters at issue. In the Cosby case, supra, language was used which under the circumstances of that case indicates that a jury question was raised as to whether or not the innkeeper failed to exercise reasonable prudence and foresight in connection with notifying his guests of the fire. We think if the pleadings supported the jury finding about the origin of the fire in the porter's closet, which was under the exclusive control of the manager, then negligence was established for which the innkeeper was responsible, and he then had a legal duty growing out of it. This holding took cognizance of what we conceive to be the correct rule announced in Baugh v. McCleskey, supra, viz., that to hold the innkeeper liable for damages to his guest, it must be shown that the former was neg-

ligent in connection with the very circumstances which produced the injury to the guest. As has been stated above, there were no allegations in the instant case which even remotely tended to connect defendants with the origin of the fire; but quite different under the facts in the Cosby case, supra, in which case the innkeeper was negligent in causing or permitting the fire which injured that plaintiff.

We conclude that the judgment sustaining the special exceptions was proper, and when plaintiff refused to amend the case should have been dismissed, as was done. Therefore the judgment should be affirmed, and it is so ordered.