## SMITH et al. v. THE TEXAN, Inc., et al.
### No. 14619.

Court of Civil Appeals of Texas.
Fort Worth.
May 5, 1944.

Rehearing Denied June 16, 1944.

H. M. Muse, of Wichita Falls, and Blakeney & Blakeney, of Oklahoma City, Okl., for appellants.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellee The Texan, Inc.

Bromberg, Leftwich, Gowan & Schmucker, of Dallas, for appellee R. C. Levy.

BROWN, Justice.

This case arises out of the disastrous fire that consumed The Texan Hotel in Wichita Falls, Texas, and is a companion case to that of Hays v. The Texan, Inc., et al., Tex.Civ.App., 174 S.W.2d 1006, and the trial court sustained the special exceptions urged against plaintiffs' petition by both defendants, viz., The Texan, Inc., owner of the hotel building, and R. C. Levy, lessee and operator of the hotel, and the cause was dismissed, when plaintiffs declined to amend. The plaintiffs, who are the surviving wife and children of W. Ernest Smith, a guest who lost his life in the fire, have appealed.

All of the allegations that were made in the Hays case were incorporated in the petition in the instant suit. Some of these allegations were enlarged upon, but the matters that give us much concern are the new allegations and those enlarged by the pleadings before us. These we will attempt to detail in order that we may show that the instant case is not "on all fours" with the Hays case.

We are not impressed with the allegations in which it is made to appear that the hotel building was so constructed and of such material that it was a fire hazard and a building likely to be consumed

by fire when one was "started" in it, as applying to some theory of negligence on the part of the owner of the building, or the lessee thereof, who was operating the hotel, merely by reason of such construction, but we are of opinion that such allegations are material when pleaded in connection with proper allegations to the effect that those in charge of the hotel, when the fire "started", knew of the fire shortly after it occurred and in sufficient time in which to warn and notify the guests, but neglected to perform such duty and neglected to call the fire department of the City of Wichita Falls, and that the fire during such time spread through the building and enveloped the stairway and the elevator shaft and cut off all escape.

We observe here that there is to be found no holding by the Court of Civil Appeals for the Eastland District in the case of National Hotel Co. et al. v. Motley, Tex. Civ.App., 123 S.W.2d 461, none by the Court of Civil Appeals for the Texarkana District in the cases of Texas Hotel Co. et al. v. Cosby et al., Tex.Civ.App., 131 S.W. 2d 261, and Texas Hotel Co. et al. v. Jones et al., Tex.Civ.App., 131 S.W.2d 265, and none by our Court in the case of Hays v. The Texan, Inc., et al., Tex.Civ.App., 174 S.W.2d 1006, to the effect that there can arise no duty on the part of the operator of a hotel to warn the guests, after the fire has been discovered by the operator, or his employees, even though the fire originates in a room occupied by a guest, and not in a room that is under the control of the hotel operator. This Court is of opinion that to so hold would be inhuman and contrary to the spirit of American justice.

We recognize the fact, however, that there must be some time limit involved and that such facts must be alleged in connection with the duty to exercise ordinary care to warn the guests of the danger as that a question of fact is presented for determination.

The allegations are that the deceased was a guest who occupied room 703, at the south end of the hall, on the seventh floor; that the hotel was seven stories in height; that the fire "broke out" in one of the rooms of said hotel, and thereafter spread to all parts of said hotel building, and the same was completely burned to the ground; that the fire started at about 4:20 A.M., while deceased was asleep.

It is next alleged:

"The plaintiffs further allege that the defendant, R. C. Levy, his agent, servants and employees, owed a duty to the guests of the said hotel to take reasonable steps to provide for the safety of said guests after the defendants discovered the fire, as ordinarily prudent persons would do. In this connection it is alleged that the said fire began as above alleged, and that the said defendants became aware of the said fire about 4:30 A.M., in sufficient time to have notified and warned all of the guests so that they could have escaped, as could and would have been done in the exercise of reasonable prudence.

"That the said defendants failed and neglected to notify the guests on the seventh floor, but that the said guests were awakened about 5 A.M. only by smoke, flames, heat and commotion caused by the said fire, after the said fire had been allowed to burn fiercely into the upper stories, enveloping the stairs and elevator shaft and cutting off escape therefrom. That the said W. Ernest Smith had a telephone in his room connected with the central telephone system in the office, and that the telephone at the PBX in the office was being operated by the night clerk of the said hotel when and after the fire started; that the said night clerk had reasonable and ample opportunity to warn all of the guests of the said hotel, but that if he rang all of the telephones in the building, which is not admitted, but specifically denied, he did not wait for an answer to give anybody warning of the said fire; that there were two porters on duty in said hotel at the time of the fire, and that the said porters had ample and reasonable time after they discovered the fire about 4:30 A.M., in the exercise of reasonable diligence, to have warned the said persons on the seventh floor imperiled by the fire, in time for them to have escaped. That the defendant, his agents, servants and employees negligently failed to give the said W. Ernest Smith any warning by telephone or otherwise in time for him to have escaped, as should have been done by the defendant in the exercise of reasonable diligence; and that all of the said negligence was a proximate cause of the death of the said W. Ernest Smith and the damage to the plaintiffs hereinafter alleged.

"That the said defendants failed to use reasonable diligence to call the fire department, as it was their duty to do in the exercise of ordinary prudence for the safety

of their guests, as a consequence of which said fire department not being called by the said defendants was not notified until later by someone outside of the hotel building and unconnected with the management thereof, which delay necessarily increased the danger of the guests in the said hotel, and permitted the fire to get out of control, and trap the guests on the sixth and seventh floors; and that the said negligent failure to call the fire department was a proximate cause of the death of the said W. Ernest Smith and the damage to the plaintiffs."

■ We believe these allegations are sufficient to raise the issue of negligence on the part of the operator of the hotel, both as to his duty to warn his guests of the danger discovered, and his duty to call the fire department of the city.

The plaintiffs pleaded the requirements as to fire escapes found in Title 63, Article 3955 et seq., of Vernon's Annotated Texas Civil Statutes.

■ These allegations are to the effect that the fire escapes were placed on the building but that there was an obstruction, namely, a steam radiator, in front of the window leading to the fire escape on the floor where deceased was a guest, and that the said window was "stuck" and could not be opened, when an effort was made to open it; but there is no allegation that deceased made any effort to open the window or to use the fire escape and that he was prevented from using it by reason of the facts alleged.

We believe these allegations are insufficient to raise any issue of negligence and proximate cause of the guest's death.

■ We are not impressed with the allegations to the effect that, having attempted to furnish fire extinguishing equipment, it was negligence not to furnish adequate equipment, in good repair, serviceable and sufficient, and to maintain the equipment in usable condition.

Appellants concede that there was no duty on the part of the owner of the building, or on the operator of the hotel, to furnish any such equipment, and we do not see that any duty was imposed by reason of the fact that such equipment was attempted to be furnished but same was inadequate, not in repair and permitted to become practically useless.

We are not impressed with the allegations that the character of construction and the inflammable materials used to erect the building constituted it a nuisance and fire hazard.

The duty of the builder is discussed at length by us and in the opinions we cite in the Hays case, supra.

For the reasons stated, we are of opinion that all of the exceptions were properly sustained except those touching the allegations as to the construction of the building in such manner and out of such materials that a fire "started" in it would burn and spread rapidly, and the allegations to the effect that the fire was discovered by the hotel operators in about ten minutes after it "started", and that the operators had time within which to warn the guests, but neglected to do so and neglected to call the fire department.

The judgment as to The Texan, Inc., is affirmed; the judgment as to R. C. Levy is reversed and the cause remanded.