HENDERSON et ux.

v.

PIPKIN GROCERY CO., Inc.

No. 5003.

Court of Civil Appeals of Texas. El Paso.

May 12, 1954.

Rehearing Denied June 2, 1954.

Charles L. Klapproth, G. G. Hazel, Midland, for appellants.

Turpin, Kerr & Smith, Midland, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Midland County, Texas, wherein plaintiffs, who are appellants here, sued defendant for damages resulting from a fall sustained by Mrs. Henderson while shopping in the store of defendant. In other words, a "slip and fall" case. The lower court granted a motion for an instructed verdict, and it is from that action of the trial court that plaintiffs have appealed.

In their petition plaintiffs allege that Mrs. Henderson stepped upon some liquid solution which caused her right foot to slip forward, resulting in the fall which broke her leg, and that the defendant grocery company was negligent in permitting the liquid to be on said floor. Plaintiffs did not find any fault with the construction of the floor or the areaway involved, or the lighting. Mrs. Henderson testified that she did not see any liquid where she fell, and her husband testified likewise, as did the store employees. No one testified to having seen any liquid on the floor before or after the fall. Plaintiffs apparently base their contention on the fact that there were spots on the dress and underskirt worn by Mrs. Henderson on the day of the fall. These were discovered by Mr. Henderson after he had taken the garments from the hospital and they were hanging up at home. Mrs. Henderson testified that they were not on the dress when she entered the store. These spots were at or near the right hip. It is in the record that Mrs. Henderson was taken first to a doctor's office and then to a hospital, and it was after her clothes had been taken home by her husband that the spots were discovered. No evidence was introduced to show any liquid on the floor of the store or to identify the liquid causing the spots on the dress. No evidence was introduced that any of the store employees knew of any liquid on the floor or that there had been similar accidents at that spot.

The conclusions seems unavoidable that plaintiffs have of necessity had to build their case on a series of presumptions, with one presumption resting upon another, as for example, that the spots on Mrs. Henderson's dress came from a fluid on defendant's floor, and that this fluid had caused the fall. This of course also negatives the possibility of the spots coming from some other source. It is elementary that a presumption cannot rest upon a fact presumed. Fort Worth Belt Ry. Co.

v. Jones, 106 Tex. 345, 166 S.W. 1130; Republic Underwriters v. Greenhaw, Tex. Civ.App., 114 S.W.2d 362, (no writ history); Texas Indemnity Ins. Co. v. Staggs, Tex.Civ.App., 138 S.W.2d 174. (wr. dis. agr.);

It is apparent that plaintiffs were unable to and did not prove that the defendant knew of the presence of a liquid on its floor, and failed to do anything about it, or that such liquid had been there so long as to violate the rules of ordinary care owed by the storekeeper to his invitee customers. It has become almost elementary in Texas that the plaintiff in a "slip and fall" case must prove that the storekeeper failed to use ordinary care to keep his premises in a reasonably safe condition. A dangerous condition must have been known to defendant or must have existed for such length of time or under such conditions that he would or should have discovered it by the exercise of reasonable diligence. It is accepted doctrine now that the storekeeper is not an insurer. The plaintiffs here did not offer any evidence sufficient to bring them under the rule. No one here testified that any liquid was ever on the floor or ever had been. The trial court had no choice but to grant the motion for an instructed verdict, and we therefore must affirm the action of the trial court.

A careful reading of the evidence and briefs indicates no other alternative. This rule, while harsh and demanding on plaintiffs is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it. It is not enough to prove carelessness or negligence in sweeping or cleaning premises, plaintiffs must always prove in addition the presence of some dangerous substance or condition that was or should have been known to the shopkeeper. Smith v. Safeway Stores, Inc., Tex.Civ.App. 167 S.W. 2d 1044, no writ history; F. W. Woolworth Co. v. Goldston, Tex.Civ.App., 155 S.W.2d 830 (w.r.w.m.); Montfort v. West Texas Hotel Co., Tex.Civ.App., 117 S.W.2d 811 (w.r.); Camp v. J. H. Kirkpatrick Co., Tex.Civ.App., 250 S.W.2d 413, (w.r.n.r.e.).

This same rule is apparently followed in Federal Courts. Moss v. Safeway Stores, 5 Cir., 185 F.2d 966.

Appellants' point is therefore overruled and the decision of the trial court affirmed.

HAMILTON, C. J., not participating.