Donald Lee **TIBBITS** et ux., Appellants,

v.

**D. B. CROWELL** et ux., d/b/a **Dixie Dude Ranch, Appellees.**

No. 14727.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 20, 1968.

William H. Price, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, George Spencer, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, Donald Lee Tibbits and wife, Josephine P. Tibbits, brought this suit individually and as sole heirs of their deceased ten-year-old son, William Douglas, to recover damages from appellees, D. H. Crowell and wife, Rosa Crowell, d/b/a Dixie Dude Ranch, resulting from a fire in the main ranch house which took the life of William as well as that of Cody Connally, the ten-year-old grandson of appellees. At the conclusion of appellants' case, the trial court granted an instructed verdict for appellees and a take-nothing judgment was entered.

Appellants urge the single point that the trial court erred in instructing the verdict for the reason that there was evidence of probative force which would justify the submission of this case to the jury. In determining the propriety of the court's action, we must view the evidence in the light most favorable to the appellants and indulge every inference that may properly be drawn from this evidence while disregarding all contradictory evidence. McDonald, Texas Civil Practice, § 11.28. "A

peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment." White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943).

William and Cody were friends and occasionally spent the night with each other. Cody and his parents, although living in Beeville at the time, were visiting appellees on October 31, 1964. William learned of their visit and, through his own grandmother, made arrangements to spend the night with Cody. During such visit William was a social guest in appellees' home. The main house of appellees' dude ranch consisted of three stories, however, the third story was small and contained two dormitory-type rooms which were used only in the summer season. William and Cody were to sleep in a room on the second floor with Mr. and Mrs. Connally and were put to bed by Mrs. Connally about 10:00 p. m. After putting the boys to bed, the Connallys went to nearby Bandera and were visiting friends at the time of the fire. Appellees were sleeping with three other grandchildren, aged six months, seven, and eleven years, in two rooms on the north side of the first floor when the fire started. Also sleeping on the first floor were the ranch hostess and two of her small grandchildren. On the second floor were the ranch cook and six adult guests. All safely escaped from the building before it burned to the ground except the two boys. The cause of the fire was unknown but it apparently started near the northeast part of the house and the house rapidly burned.

■ Appellants must show on this appeal that appellees were guilty of an act of negligence proximately causing the death of William. They urge that fact issues were raised as to three acts of negligence on the part of appellees: 1. In not keeping themselves in the position of such close proximity to William that they could properly care for and look after him, thereby preventing the danger such as occurred from harming him. 2. In not providing said ranch house with an adequate fire escape. 3. In not directing William to sleep in a room or place known to appellees, and in a place where he could be rescued in case the house did catch fire. It is well settled that for a negligent act or omission to be the proximate cause of an injury, the injury must be the natural and probable result of the particular act or omission. Bell v. Campbell, Tex., 434 S.W.2d 117.

The second floor of the main house contained ten bedrooms and all were in use on this night except Nos. 8 and 10. The Connallys and the two boys were to use one of these rooms, however, appellees did not know which of these vacant rooms they would occupy. Rooms 8 and 10 were located along the east side of the second floor, and a sun porch was attached to the center part of this side of the house. Room 10 was at the northeast corner and Room 8 was at the southeast corner of this floor. The two boys were in Room 10 which was near where the fire started. It is not known what happened to the boys, as they were not seen by anyone after the fire started and no sound was heard from them. There was an outside stairway leading to the second floor near their room, but this area was in flames when the fire was first discovered. Attempts to reach the boys through an inside stairway and through a window in Room 8 were also thwarted by flames.

■ Art. 3955, Vernon's Ann.Civ.St., requires, in part, that the owner of each public house three or more stories in height shall provide and equip such building with at least one adequate fire escape. In addition to the outside stairway at the northeast corner of this house and an inside stairway, there were several wooden ladders leading from the second floor to the ground. Assuming that a fact issue was raised as to the adequacy of the fire escapes on this house, such failure was not a proximate cause of the death of William, in that there is no evidence that he was ever able to use a fire escape. See Radley

v. Knepfly, 104 Tex. 130, 135 S.W. 111 (1911); Smith v. The Texan, Inc., 180 S. W.2d 1010 (Tex.Civ.App.—Fort Worth 1944, writ ref'd w. o. m.); Baugh v. Mc-Cleskey, 292 S.W. 950 (Tex.Civ.App.—Eastland 1927, no writ).

Nor can it be said that appellees' failure to know, before the fire, which room the two boys were occupying was a proximate cause of William's death. The uncontradicted testimony is that at the time the fire was discovered by appellees, it was not possible for anyone to reach either Room 8 or 10. A fact issue of negligence is not raised by the sleeping arrangements. There is no evidence in the record that appellees had reason to foresee that William, who was a normal, healthy ten-year-old boy, would be exposed to any risk by said arrangements.

The trial court properly instructed a verdict for appellees at the close of appellants' case. The judgment is affirmed.