**Mildred C. CAIN and husband, James Cain, Sr., Appellants,**

v.

**Chester GEORGE et ux., Appellees.**

**No. 26372.**

United States Court of Appeals
Fifth Circuit.

May 23, 1969.

Otto B. Mullinax, Mullinax, Wells, Mauzy, Levy & Richards, Ed J. Polk, Jay M. Vogelson, Dallas, Tex., for appellants.

M. Hendricks Brown, Brown, Day & Crowley, Paul Peebles, Fort Worth, Tex., for appellees.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

PER CURIAM:

This is a diversity of citizenship case brought by the parents under the wrongful death statute of Texas for the

---

1. United States of America v. Lepiscopo, 5 Cir. (1969), 409 F.2d 843.

death of their son who died of carbon monoxide poisoning while a guest in appellees' motel. A chair next to the heater had burned and was smoldering at the time of the arrival of the fire department. Plaintiffs alleged that the gas heater in the motel room was defective because it had been improperly installed, was improperly vented and had never been inspected or cleaned since the time of installation.

A jury verdict in the form of answers to special interrogatories found that the death of George E. Debes was not proximately caused by the negligence of defendants, that the death of George E. Debes was not proximately caused by his own negligence, and that Debes' death was due to an unavoidable accident. Thereupon, the District Court entered a final judgment for the defendants and dismissed the action on its merits.

A basic issue arose in the case as to the duty or degree of care which an innkeeper owes to his guests. The District Court overruled plaintiffs' requested instructions on high degree of care and submitted the case to the jury upon "ordinary care" to which the plaintiffs excepted.

■■■ We think the trial court did not err in charging the jury that defendants owed decedent a duty of "ordinary care" instead of a "high degree of care." Under Texas law an innkeeper's responsibility to his guests is limited to the exercise of ordinary or reasonable care. Baker v. Dallas Hotel Co., 73 F.2d 825 (5th Cir. 1934); Benoit v. Wilson, 258 S.W.2d 134 (Tex.Civ.App.1953); Hays v. The Texan, Inc., 174 S.W.2d 1006 (Tex.Civ.App.1943); Montford v. West Texas Hotel Co., 117 S.W.2d 811 (Tex.Civ.App.1938); Baugh v. McCleskey, 292 S.W. 950 (Tex.Civ.App.1927).

■■■ Appellants contend that the trial court erred in allowing in evidence the testimony of the motel owners concerning the number of guests who had occupied the room where the deceased was found dead and who had made no complaints. This testimony was relevant on the issue, however, that carbon monoxide came from the smoldering chair and clothing and not from the gas heater. See Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 295, 12 S.Ct. 909, 36 L.Ed. 706 (1892); McCormick, Evidence § 152 (1954). Such testimony merely related the knowledge of the motel owners as to whether anyone was ever harmed by the heater. It was not hearsay as it derived its value solely from the credit to be given to the witnesses themselves and it was not dependent upon the veracity or competency of other persons. Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1883); Clement v. Packer, 125 U.S. 309, 8 S.Ct. 907, 31 L.Ed. 721 (1887). This testimony of Mr. and Mrs. George was clearly the best available evidence to support their position that carbon monoxide did not come from the heater. We think it was admissible to show how the heater had acted in the past.

■■■ Appellants further contend that the trial court erred in submitting to the jury over their objection an interrogatory as to "unavoidable accident" which the District Court defined as "an event which happens unexpectedly and without being proximately caused by the negligence of any of the parties of the transaction." Appellants maintain that this interrogatory failed to embrace the thought that negligent conduct of a human agency must not contribute to the injury in order for the accident to be an "unavoidable accident" and this was prejudicial. We note the jury's finding that the defendants were not negligent. Under the circumstances we think the Court's interrogatory on unavoidable accident did not change the ultimate liability of the parties involved in this suit and the submission of this interrogatory did not constitute reversible error.

We have considered the other errors assigned on appeal and find them to be without merit. The judgment of the District Court is affirmed.