**Zola GOLDSTEIN, Appellant,**

v.

**L. F. CORRIGAN, Appellee.**

**No. 4506.**

Court of Civil Appeals of Texas.

Waco.

June 23, 1966.

James R. Handy, Parnass, Weatherhogg & McGuire, Irving, for appellant.

Strasburger, Price, Kelton, Miller & Martin, A. D. Bynum, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing in a slip and fall case.

Plaintiff Goldstein alleged she was tenant in apartment A, 6432 Bandera Street, Dallas, Texas, and that defendant Corrigan was owner of the apartment; that she slipped and fell as the result of a warped or irregular condition in the floor of the premises between the dining room and the living room, and sustained personal injuries. Plaintiff alleged defendant guilty of negligence proximately causing her injuries: 1) in failing to keep the floor in a safe condition; 2) failing to repair the floor; 3) permitting a structural defect to exist; 4) permitting the floor to become warped; 5) failing to make inspections; 6) failing to repair after acquiring knowledge; 7) and in failing to properly light the area. Defendant answered by general denial and asserted the area where plaintiff fell was open and obvious and plaintiff's knowledge of same was just as complete as defendant's.

Defendant moved for summary judgment. The record on motion for summary judgment contains the depositions of plaintiff and her brother who lived in the apartment with plaintiff; and the affidavit of Roy O'Rear who was resident manager of defendant's apartments. Such affidavit recites the apartment was leased to plaintiff's brother by written lease which is attached.

The lease is an uncomplicated lease whereby plaintiff's brother leased the apartment for $115 per month; and provides various rules for the premises. Nowhere does the lease contain any covenant on the

part of defendant to repair the leased premises.

Plaintiff filed no opposition to defendant's motion for summary judgment, and filed no affidavits or other evidence to oppose plaintiff's motion.

The trial court granted defendant's motion for summary judgment that plaintiff take nothing.

Plaintiff appeals, contending the trial court erred in granting motion for summary judgment because: 1) defendant owed a duty to plaintiff as a matter of law to exercise ordinary care in maintaining the premises in a safe condition; 2) there exists several fact issues which should be resolved by a jury; 3) as a matter of law defendant cannot assert the defenses of "no duty", and "open and obvious."

The record reflects the plaintiff fell in an area wholly within the leased premises. The lease is totally void of any covenant on the part of defendant to repair the leased premises. Plaintiff knew of the defective floor where she fell several months before she fell, and testified by deposition it was obvious to her and her brother.

■ The rule is that the landlord is under no obligation to make repairs in the absence of an agreement to do so; he is not liable to the tenant for injuries caused by defects which are not concealed or hidden; and the tenant takes the property as he finds it assuming the risks of apparent defects. Flynn v. Pan American Hotel Co., 143 Tex. 219, 183 S.W.2d 446.

Plaintiff pleads and contends in her brief the defective condition constituted a structural and/or foundation defect, and that defendant only, and not plaintiff, has exclusive access to repair the defective flooring; and the foregoing precludes summary judgment for defendant.

But plaintiff did not file opposition to defendant's motion for summary judgment; nor file affidavits establishing the foregoing; and the depositions on file likewise do not establish same.

■ When facts entitling the moving party to summary judgment have been established (as here), the motion will not be denied merely because the opposite party has alleged matters in pleadings which, if proved, would require a different judgment to be rendered. If plaintiff expected to defeat defendant's motion for summary judgment by showing the defective floor was caused by structural defects under control of defendant, it was incumbent on her to come forward with "evidence" sufficient to raise that question. This, plaintiff did not do. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Molsen v. Compania Industrial, Tex.Civ.App. (n. w. h.), 394 S.W.2d 271.

Plaintiff's points and contentions are overruled.

Affirmed.