Lillian L. GLOOR et vir, Appellants,

v.

UNITED STATES FIRE INSURANCE COMPANY, Appellee.

No. 7158.

Court of Civil Appeals of Texas, Beaumont.

July 16, 1970.

Rehearing Denied Sept. 10, 1970.

Nicholas & Barrera, Tinsman & Cunningham, San Antonio, for appellants.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

KEITH, Justice.

Plaintiff appeals from a summary judgment entered in her suit for Workmen's Compensation benefits wherein she claimed to have sustained an injury in the course of her employment with a bank. Plaintiff was employed as a proof teller and alleged that "as a result of excessive physical and mental stress and strain resulting from her work" she sustained a nervous breakdown, resulting in her total and permanent incapacity to obtain and retain employment. Defendant's motion for summary judgment incorporated the depositions of plaintiff and her husband, their affidavits filed before the Industrial Accident Board, the hospital record, etc., but did not include any medical evidence. Plaintiff filed no counter affidavits, but did assert that there were genuine fact issues present. The parties stipulated that there was a dispute as to the good cause facet of the matter and the court confined the order to a holding that plaintiff "did not sustain an accidental injury * * * while working in the course and scope of her "employment * * * as contemplated by the Texas Workmen's Compensation Act."

Able counsel for the parties, by their briefs and oral arguments, have done much to narrow the issue presented on the appeal. Actually, when the record is boiled down to its essentials, the single question before the court is whether or not the defendant insurance company has discharged its burden of showing *conclusively* that plaintiff did not sustain an accidental injury in the *course of her employment. Stated differently*, was defendant entitled to a summary judgment simply because plaintiff failed to offer the evidence which would have been required for her to have prevailed in a trial upon the merits?

Justice Greenhill in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Company, 391 S.W.2d 41, 47 (Tex. Sup., 1965), set out in precise detail the rules of law governing summary judgments. We had occasion recently to collate the rules so announced in the case of LeTulle v. McDonald, 444 S.W.2d 794, 795 (Beaumont Civ.App., 1969, error ref. n. r. e.), to which we refer.

Defendant asserts that plaintiff may not recover because she has failed to show an accidental injury as distinguished from an occupational disease. The *distinction* between the two has been pointed up in many of the reported decisions, one of the more concise statements being found in Solomon v. Massachusetts Bonding and Insurance Company, 347 S.W.2d 17, 19 (San Antonio Civ.App., 1961, error ref.), wherein the court said:

"An industrial accident or accidental injury is distinguished from an occupational disease by the following characteristics: An industrial accident or accidental injury can always be traced to a definite time, place and cause, whereas an industrial disease is of slow and gradual development, and the time, place and cause thereof are not susceptible of definite ascertainment. [Citations omitted.]"

Plaintiff aptly points out, in the reply brief, that there is no testimony in the record which supports defendant's assertion that plaintiff's nervous breakdown suffered on the day in question "constitutes an occupational disease under the provisions of Article 8306, sec. 20, of the Texas Workmen's Compensation Act [Vernon's Ann.Civ.St.]."

*Plaintiff's deposition evidence supports* her contention that the constantly increasing pressure of the job was increased upon the day in question because the bank was staying open later on that particular Friday, and that the work would have to be com-

pleted that day rather than carried over until the following Saturday. She agreed with counsel's statement:

"And so what you are saying is that it was the reality of having to work that night until all of your work was completed, 9:00 or 10:00 o'clock, that you feel was the straw that broke the camel's back?"

Defendant's contention, in essence, is that this and similar testimony from plaintiff fails to establish an accidental injury as defined in the Act. No one contends that an impairment of the nervous system, if caused by an accidental injury, is not compensable. Indeed, defendant cites, and seeks to distinguish some of the cases on the subject, viz., Hood v. Texas Indemnity Insurance Company, 146 Tex. 522, 209 S.W. 2d 345 (1948), wherein a plaintiff was allowed to recover for a "compensation" neurosis attributed to the accident; Bailey v. American General Insurance Company, 154 Tex. 430, 279 S.W.2d 315 (1955), wherein a recovery was permitted for mental or nervous shock following a relatively minor physical injury, but accompanied by seeing a fellow employee fall to his death; Aetna Insurance Company v. Hart, 315 S.W.2d 169 (Houston Civ.App., 1958, error ref. n. r. e.), wherein a laundry employee, berated by a customer, was allowed to recover.

Although not suggested by the parties, the analogy of the heat exhaustion cases under the compensation act seems justified. In such cases, the question of causation is one calling for opinion evidence. Weicher v. Insurance Company of North America, 434 S.W.2d 104 (Tex.Sup., 1968). Whether or not plaintiff can discharge the burden of introducing sufficient evidence to go to the jury on the question of an accidental injury producing her present disability is not the question which we face here. Just as Mrs. Weicher lost in her trial on the merits in the heat exhaustion case, so may Mrs. Gloor lose upon a trial of her cause. But we do not review the case on a full record as was done in *Weicher*.

Thus, when defendant moved for the summary judgment in this instance it labored under the burden of establishing, as a matter of law, that plaintiff did not sustain an accidental injury in the course and scope of her employment with the bank. On the other hand, upon the trial of the cause, the burden will be upon the plaintiff to establish, as a fact, that she did receive an accidental injury, as defined in the Act. This quotation from Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 87 (1954) places our case in focus:

"The question of who carries the burden of proof is not in the case as it comes to us. That would arise only upon a trial of the case upon its merits. The failure of one party in a hearing upon a motion for summary judgment to discharge the burden which would rest on him at a trial on the merits is no ground for a summary judgment in favor of the other party. In order to be entitled to a summary judgment, the burden rests upon the landlord [insurer in our case] to prove that he is entitled thereto as a matter of law." (Bracketed material inserted.)

We have mentioned that there is no medical opinion evidence contained in any of the material considered by the trial court. Thus, whether or not the conditions under which the plaintiff worked, *in fact,* caused an accidental injury remains to be established by competent testimony. Our case presents a remarkable factual resemblance to that found in Frazier v. Employers Mutual Casualty Company, 368 S.W.2d 955 (Austin Civ.App., 1963, error ref. n. r. e.); but, the procedural posture is entirely different. In *Frazier,* the jury, having failed to agree upon a verdict, was discharged and the insurer's motion for judgment was granted upon the basis that there was no evidence to support a jury finding that the plaintiff sustained an accidental injury within the meaning of the Workmen's Compensation Act. The case was fully developed after a trial upon the merits and the Austin Court, in effect,

sustained a no evidence point. Upon the trial upon the merits the plaintiff, Frazier, labored under the burden of establishing an accidental injury in the course of her employment which produced her disability. She failed to discharge the burden and the judgment went against her.

In our case, the insurer, moving for summary judgment, labored under the burden of proving that Mrs. Gloor did not sustain an accidental injury. Plaintiff may or may not experience difficulty in establishing an accidental injury in fact upon a trial upon the merits. See: Parker v. Employers Mutual Liability Insurance Company of Wisconsin, 440 S.W.2d 43 (Tex.Sup., 1969); Insurance Company of North America v. Myers, 411 S.W.2d 710 (Tex.Sup., 1966) but, cf. Insurance Company of North America v. Kneten, 440 S.W.2d 52 (Tex.Sup., 1969).

Without expert opinion evidence as to causation, plaintiff did not make out a case of liability at the summary judgment hearing, but such was not her burden. Upon the trial, such will be required. *Parker,* supra, 440 S.W.2d at p. 46. It is now clear that there is no place in the summary judgment procedure for opinion evidence from expert witnesses. Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.Sup., 1968). So, even if the insurer had come forward with medical evidence (which it did not) such would not have entitled it to the summary judgment. Faced with an impossible burden—establishing as a matter of law that plaintiff did not receive an accidental injury—the defendant's judgment may not stand.

In passing upon the procedural question before us, we do not express any opinion on whether or not medical proof will or will not support a finding favorable to the plaintiff upon the trial. We do not pass upon the sufficiency of the evidence to go to the jury [*Frazier,* supra] with or without supporting medical opinion evidence. We simply hold that the defendant did not discharge its burden of showing, as a matter of law, that plaintiff did not receive an accidental injury within the purview of the Workmen's Compensation Act. So holding, the summary judgment is reversed and the cause is remanded for trial upon the merits.