**Virginia Key NIXON, Appellant,**

v.

**ROYAL COACH INN OF HOUSTON, Appellee.**

**No. 451.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1971.

---

Sam W. Davis, Jr., Vinson, Elkins, Searls & Smith, Houston, for appellant.

Robert C. Floyd, Thomas P. Alexander, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

· SAM D. JOHNSON, Justice.

Summary judgment case.

Appellant Virginia Key Nixon brought suit against appellee Royal Coach Inn for injuries received when she was assaulted by an unknown assailant inside the Royal Coach Inn motel. Defendant's motion for summary judgment was granted. From the judgment rendered against her appellant perfects this appeal.

The entire record in the trial court was composed of the following. Plaintiff's original petition, defendant's original answer, defendant's unsworn motion for summary judgment, plaintiff's unsworn response to such motion and plaintiff's deposition. From the last named instrument the following facts appear. (Appellant places considerable reliance upon an "appendix" attached to her brief. Such appendix is not a part of the record, however, and may not be considered by this Court).

On December 4, 1968, Virginia Key Nixon was 28 years of age, married, and in the employ of General Electric Company of Dallas as a systems analyst. On this particular day her work required her to come to Houston. She drove her automobile from Dallas to Houston and, arriving after it was dark, checked in the Royal Coach Inn alone at approximate 8:30 p. m. A motel employee directed her to the room to which she was assigned which was some distance away from the main desk. After depositing her luggage in her room she left the motel to eat outside the motel area. Approximately one hour later she returned to the motel, parked her car in the parking lot in the rear of the motel and entered the building. She ascended the stairs and, while in the process of unlocking the door to her room, was attacked by an unknown assailant. She testified that though she did not lose consciousness that everything went black and then she started screaming. It was at this time that she saw an unidentified man running down the hall in the direction of the main desk. Her screams brought no assistance but she was able to reach the office switchboard through the phone in her room. Individuals came to her assistance in response to her phone call.

In her original petition appellant alleged that appellee was negligent in only two particulars, "(1) billeting a single woman in a remote room in a desolate area of the motel and (2) failing to furnish adequate guards for the protection of its guests as a

reasonable prudent innkeeper would have done under the same or similar circumstances."

Appellant brings two points of error, that "The Trial Court erred in summarily rendering judgment against Appellant when there was a fact issue presented" and that "The Trial Court erred in summarily rendering judgment against Appellant and thereby holding that there was no duty owing to Appellant, a guest, on the part of the Appellee Innkeeper." These points of error will be overruled and the judgment of the trial court will be affirmed.

 An innkeeper is not an insurer of the safety of its guests. Hays v. The Texan, 174 S.W.2d 1006, (Tex.Civ.App.1943), no writ hist.; Texas Hotel Co. of Longview v. Cosby, 131 S.W.2d 261, (Tex.Civ.App. 1939), dismd, Judgm. Cor.; Montfort v. West Texas Hotel Co., 117 S.W.2d 811, (Tex.Civ.App.1938), writ ref.; Baugh v. McCleskey, 292 S.W. 950, (Tex.Civ.App. 1927), no writ hist. An innkeeper's responsibility to his guests is limited to the exercise of ordinary or reasonable care. Benoit v. Wilson, 258 S.W.2d 134, (Tex. Civ.App.1953), writ ref., n.r.e.; Hays v. The Texas, supra; Montfort v. West Texas Hotel Co., supra. We are cited to no authority which requires an innkeeper to assign any guest to a particular room or to any particular part of a hotel or motel. Nor has our attention been directed to any part of the record which would indicate that the appellant was in fact billeted in a remote or desolate area of the motel. Aside from the foregoing, which we consider fatal, an assault by an unknown assailant under the instant record permits no other conclusion except that it was a new and intervening cause altogether disassociated with any act of omission or commission on the part of the appellee. See East Texas Theatres, Inc. v. Rutledge, 453 S. W.2d 466, (Tex.1970). "* * * In order to charge the innkeeper with liability for injury to the person of his guest, negligence on the part of the innkeeper must be shown in connection with the very circumstances which produced the injury." Baugh v. McCleskey, supra, 292 S.W. at p. 952. The instant allegation of negligence is most tenuous and its support is wholly lacking.

The judgment of the trial court is affirmed.