Lee **BINGHAM** et ux., Appellants,

v.

The **GIBSON PRODUCTS COMPANY, INC.,**
**OF ODESSA, d/b/a Gibson Discount**
**Center, Store No. I, Appellee.**

No. 6144.

Court of Civil Appeals of Texas,
El Paso.

March 3, 1971.

Rehearing Denied March 24, 1971.

Burnett & Childs, Richard J. Clarkson, Odessa, for appellants.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Paul McCollum, Odessa, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a "slip and fall" case brought by the plaintiffs-appellants, Lee Bingham and wife, Lenora Bingham, against the defendant-appellee, The Gibson Products Company, Inc., in the District Court of Ector County, Texas. Defendant-appellee filed a motion for summary judgment which was granted by the trial court, and plaintiffs-appellants bring this appeal. The parties will be designated as in the trial court.

The evidence considered by the court consisted of an oral deposition of Mrs. Lenora Bingham and an affidavit of Robert A. Byers, who was employed by the de-

fendant. No affidavits or evidence was submitted by the plaintiffs.

According to Mrs. Bingham's deposition, on or about the 15th of December, 1968, about five or six o'clock in the afternoon, she was shopping at defendant's store in Odessa. She left the store, turned to the right, and was walking on the sidewalk and down a slanting ramp that leads from the store building to the parking area. At the time, she was wearing tennis shoes and was carrying a sack of popcorn and her purse. She had been purchasing groceries and was accompanied by a young man who was carrying her other groceries. The young man, presumably, is Robert A. Byers, the affiant in the affidavit submitted with defendant's motion for summary judgment. As she walked, she was talking to the young man carrying her groceries. Just as she stepped on the ramp, she fell. She estimated that the sidewalk itself was about four or five inches higher than the parking area, and that the ramp itself is not very long, and described its length by stating that you could lie down on it and your feet would hang off. In answer to questions of defendant's counsel, she agreed that the ramp was rough concrete with "little scours" or "little lines" in it to keep it from being slick. There is no testimony as to the degree of incline on the ramp, but Mrs. Bingham testified that she had seen similar ramps at other places. The day was a sunny day, and apparently there was no weather condition that would affect the use of the ramp by a pedestrian.

Mrs. Bingham could offer no explanation as to why she fell, and in answer to questions as to the reason, she stated that she did not know, only that her feet slipped out from under her and she fell on her back and hit her head. She did not notice any foreign object or anything on the ramp. Mrs. Bingham further stated that she lived not more than a mile from the store, that she did the biggest part of her shopping there, and that she knew the ramp was there. In answer to questions, she agreed that she had negotiated the ramp many hundreds of times, or a thousand times, and that she could not remember whether or not she looked at the ramp before she stepped on it.

Mrs. Bingham was interrogated as to the design of the ramp by defendant's counsel with the following questions and answers:

"Q As far as you know there is nothing wrong with the design or with the way it was built?

A That's right."

"Q And there is nothing wrong with the design of it or anything else that you known about, is there, that caused you to fall?

A As far as I know there isn't because I know nothing about it because I have seen them at other places."

"Q Nothing appeared to you to be dangerous about it, did it?

A No, sir."

In her deposition, Mrs. Bingham, in answer to questions propounded, testified as to the reason for her falling, as follows:

"Q Okay. What caused you to fall?

A I really don't know."

"Q You didn't see anything to cause you to fall, there was no obstruction there, was there?

A I didn't even look."

"Q But if there had been something there, there was nothing to prevent you seeing it, was there?

A That's right, if I had looked."

"Q Did you stop to look and see what caused you to fall?

A No, sir."

"Q You never did find out?

A No, sir."

Defendant attached to its motion for summary judgment an affidavit by Robert

A. Byers, who stated that he was 18 years of age and was employed on a part-time basis as a package boy at defendant's store; that on December 13, 1968 he was carrying some groceries for a lady whom he did not know. He stated that the ramp at the south end of the store was rough-textured concrete. He did not see the lady fall, but saw her lying partially on the ramp and partially on the asphalt. He looked at the ramp to see what could have caused her to fall and could not see any debris or anything that would cause her to fall. He also tested the ramp and determined that it was not slick. He further stated that the ramp was dry and visibility was good at the time of the fall.

■ This court held, in Wampler v. Bill Sears Super Markets, 452 S.W.2d 526 (n. r. e.), that where the uncontradicted testimony of an interested witness is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto, and a summary judgment properly granted. Citing McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (Tex.Com.App., opinion adopted, 1943); Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.Sup.1965); Lotspeich v. Chance Vought Aircraft, Tex.Civ.App., 369 S.W.2d 705 (n. r. e); Cox v. Medical Center National Bank, Tex.Civ.App., 424 S.W.2d 954 (n. w. h.).

■ This court also held in the Wampler case, supra, that when the moving party to a summary judgment has established facts by extrinsic evidence, the burden of going forward shifts to the opposing party, who is then obligated to show opposing evidentiary data which will raise an issue as to a material fact, or he must justify his inability to do so and seek appropriate relief. Citing Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590; Gulf, Colo. & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Schull v. Lower Neches Valley Authority,

Tex.Civ.App., 416 S.W.2d 505 (n. r. e.); Harbison v. Jeffreys, Tex.Civ.App., 353 S.W.2d 65 (n. w. h.); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948.

■ In this case, the plaintiffs base their cause of action on two allegations of negligence, complaining that the defendant maintained a dangerous condition and that the defendant was negligent in having an improperly designed sidewalk and, in particular, the ramp. The plaintiff Mrs. Bingham, by her own deposition, negates both propositions. In her deposition, pertinent portions of which are quoted in this opinion, the plaintiff has no criticism as to design, maintenance or dangerous condition; but, on the contrary, finds no fault as to either allegation. In fact, she testifies as to similar installations at other stores and further states that she has used the sidewalk and ramp either hundreds or a thousand times. There is an absolute absence of any explanation for her fall. In addition, the store employee's affidavit is corroborative of the plaintiff's testimony. Under the present state of the record, we hold that there is no genuine issue of a material fact, and that at such time the burden shifted to the plaintiff to come forward with opposing evidence that will raise some issue as to a material fact. Goldstein v. Corrigan, Tex.Civ.App., 405 S.W.2d 425 (n. w. h.); McDonald, Texas Civil Practice, Vol. 4, § 17.28 (IV) (iii), p. 1388. This the plaintiffs have not done.

■ The plaintiffs contend that the pleading of negligence in itself suffices to defeat a motion for summary judgment, since plaintiffs contemplate the use of expert testimony at the trial in order to prove defective design, and that expert testimony itself has no place in summary judgment proceedings. Plaintiffs' attorney has submitted a comprehensive brief on their points of error, and in support of this contention cites Gloor v. United States Fire Insurance Company, Tex.Civ.App., 457 S.W.2d 925 (n. r. e.), and Broussard v. Moon, 431 S.W.2d 534 (Sup.Ct.1968). We

do not think that the rules enunciated in these cases are so all-inclusive. The holdings in these cases are to the effect that expert opinion testimony is but evidentiary, that it is not binding on the trier of facts, and will not establish a material fact as a matter of law. Neither case, however, would prohibit the introduction of expert opinion evidence to show the existence of a material fact issue. See also Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.Ct.1970).

We overrule the appellants' points of error and affirm the judgment of the trial court.