Jerome Leon **WALKOVIAK** et
al., Appellants,

v.

**HILTON HOTELS CORPORATION,**
Appellee.

No. B1923.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 4, 1979.

Rehearing Denied May 2, 1979.

John Somyak, Stovall & Somyak, Houston, for Jerome Leon Walkoviak.

Jeffrey C. Londa, Butler, Binion, Rice, Cook & Knapp, Houston, for Florists' Mut. Ins. Co.

Larry D. Thompson, Lorance, Thompson & Wittig, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

COULSON, Justice.

This is an appeal by plaintiffs Jerome Leon Walkoviak (appellant) and Florists' Mutual Insurance Company (appellant Insurance Company) from a summary judgment in favor of the defendant Hilton Hotels Corporation (appellee) in a suit for personal injuries caused by the criminal activities of third persons, based upon the alleged negligence of the defendant Hilton Hotels Corporation in failing to provide adequate security. We reverse the judgment and remand the case to the trial court.

In mid-August of 1975 appellant attended a business convention at the Shamrock Hilton Hotel (the hotel), one of appellee's hotels. On the evening of August 17, 1975, appellant arrived by automobile at the hotel, paid a parking fee of $1.00, and parked in a parking lot owned by and located directly in front of the hotel. After attending the evening convention activities in the hotel appellant left the hotel building and went to his automobile in the parking lot at approximately 11:30 P.M. As he reached his automobile he was accosted by two unknown assailants, beaten, stabbed, and robbed. He was rendered unconscious and

awoke in his automobile some distance from the hotel in the early hours of the morning of August 18.

Appellant brought suit against appellee to recover damages based upon the alleged negligence of the hotel in failing to supply adequate protection in the form of guards or other security measures, in failing to warn appellant of any possible danger, and in failing to take other necessary steps to protect appellant. Appellant Insurance Company intervened to recover sums it had paid to appellant Walkoviak for medical benefits and workmen's compensation benefits.

Appellee filed a motion for summary judgment asserting that negligence had not been shown in connection with the circumstances producing the injury. Appellee further asserted that the criminal attack by unknown assailants constituted a new and independent intervening cause totally disassociated with any act or omission on its part. Appellee argued that therefore it was absolved as a matter of law from any liability for the injuries to appellant. The trial court granted appellee's motion for summary judgment and this appeal followed.

■ Appellee's motion for summary judgment first urged that appellant had not shown negligence on the part of appellee in connection with the circumstances which produced the injury. The proprietor of a public business establishment has the duty to exercise reasonable care to protect his patrons from intentional injuries caused by third persons if he has reason to know that such acts are likely to occur, either generally or at some particular time. Liability for injuries may arise from the failure of the proprietor to exercise reasonable care to discover that such acts by third persons are occurring, or are likely to occur, coupled with the failure to provide reasonable means to protect his patrons from the harm or to give a warning adequate to enable the patrons to avoid the harm. *Morris v. Barnette*, 553 S.W.2d 648 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.); *Eastep v. Jack-in-the-Box, Inc.*, 546 S.W.2d 116 (Tex.

Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); Restatement (2d) of Torts § 344 (1965). *See* Adams, *Security Against Criminal Acts: The Landlord's New Liability*, 42 Texas Bar Journal 201 (March 1979). Under Texas law an innkeeper is not an insurer of the safety of his guests. An innkeeper's responsibility to his guests consists of the duty to exercise ordinary or reasonable care in conformity with the principles discussed above. *Nixon v. Royal Coach Inns of Houston*, 464 S.W.2d 900, 902 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Montfort v. West Texas Hotel Co.*, 117 S.W.2d 811, 812 (Tex.Civ.App.—El Paso 1938, writ ref'd).

■ We have reviewed the summary judgment evidence and have found several respects in which questions of fact exist which are material to the issue of whether the hotel was negligent in connection with the circumstances which produced appellant's injuries:

(1) The deposition of John E. Colacino, who was employed by the Shamrock Hilton as a security guard at the time of the attack on the appellant and was head of that security system when his deposition was taken, states that he made no conscious effort to find out anything about the crime situation in the area immediately surrounding the hotel.

The appellee's answers to interrogatories show that the police were called to the hotel twice in the twelve months preceding the attack on appellant due to robberies in the vicinity of the hotel. In one of these the victim, a guest of the hotel, had been robbed on Holcombe Boulevard, and in the other the victim was assaulted, robbed and injured on Montclair Street and was assisted into the hotel, where hotel employees called the police. A map of the hotel attached to the interrogatories showed that the hotel occupies a triangle of land bordered by Montclair Street, Holcombe Boulevard, and Main Street. The parking lot where appellant was assaulted borders Holcombe and extends close to Main Street. It would be reasonable to infer that if two such incidents occurred in such close prox-

imity to the hotel that the victims came or were brought to the hotel for help, the hotel was then aware of facts which should have prompted it to ascertain the extent of such crimes in the immediate area in order to determine what security measures would be necessary to protect its guests from potential assaults within the perimeters of the hotel's own property.

(2) The deposition of Colacino also states that it was common for off-duty policemen to be hired to bolster the hotel's own security force when large conventions were held at the hotel. He states that the convention attended by appellant was considered a large convention. Colacino had no knowledge of whether any extra security personnel were hired for that convention. Appellee, in its answer to the interrogatory which requested the names, addresses, hours worked, and specific areas of responsibility of "all security personnel of the Shamrock Hilton" on the date of the incident, listed only four men, one for each of the three shifts for the twenty-four hours of that date, and one who was on vacation at the time. There is no evidence to show that any extra security personnel were hired to bolster the hotel's own security force at the time of a large convention in accord with the hotel's own security policy. This establishes facts from which a jury could infer that the hotel was negligent in not following its own established standards of care.

(3) The affidavit of D. A. Miller, an expert by experience and education in the matter of providing security, states that in his opinion, based on his training, education, and experience, it would take more than one guard per shift to adequately patrol a hotel the size of the Shamrock Hilton in the evening hours. Colacino's deposition and appellee's answers to interrogatories show that only one guard per eight hour shift was employed by the hotel.

(4) Miller further stated in his affidavit that to properly patrol the hotel a reasonable and careful security person would patrol all of the grounds of the hotel, including the parking lot. Colacino's deposition shows that the hotel's security guards would walk the five floors of the hotel garage, and then "check" the parking lot by looking down the aisles, but would not go up and down the aisles.

We believe that the evidence, when viewed in light of Miller's affidavit, is sufficient to raise issues of fact as to whether the hotel, at the time appellant was assaulted, conducted its security measures in accordance with the standards required of a reasonable and prudent innkeeper in the same or similar circumstances. Such issues are to be resolved by the trier of fact, and are not proper issues to be determined as a matter of law in a summary judgment proceeding.

■ Appellee in its brief raises two objections to Miller's affidavit. First, it is argued that there is no place in summary judgment procedure for opinion evidence from expert witnesses, citing *Gloor v. United States Fire Ins. Co.*, 457 S.W.2d 925 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). *Gloor* was decided before the amendment to Rule 166–A which now provides:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, *or of an expert witness* as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

(Emphasis added) Tex.R.Civ.P. Rule 166–A(c). Clearly, if a summary judgment may be granted based upon the opinions of expert witnesses, such opinions also have a place in precluding a summary judgment by raising issues of fact material to the elements of a non-movant's cause of action.

■ Appellee also contends that Miller's affidavit was insufficient because it was sworn to only to the best of his knowledge and belief rather than on personal knowledge as required by Rule 166–A(e). Appellee did not raise such objection at the time of the summary judgment hearing. Rule 166–A(e) states: "Defects in the form of

affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Appellee argues that it is not relying upon the defect in this affidavit as a ground for reversal of the summary judgment, but as a ground for affirmance, and therefore should be allowed to raise this objection for the first time on appeal. We do not agree with appellee's interpretation of this rule. The clear policy behind this portion of Rule 166–A(e), which was a recent amendment, is to provide that all formal objections to summary judgment evidence be raised in the trial court and the opposite party be given an opportunity to correct these formal defects prior to a decision on the summary judgment motion by the trial court. We fail to see the distinction between requiring timely objection to formal defects in affidavits which would *establish* the movant's right to summary judgment, and requiring timely objections to such deficiencies in affidavits which would *preclude* the movant's right to summary judgment. Appellee's argument is not well taken and we find that its objection to the form of Miller's affidavit cannot be raised for the first time in this appeal.

■ Appellee relies most heavily upon this court's opinion in *Nixon v. Royal Coach Inn of Houston, supra,* to establish its right to a summary judgment based upon the theory that the criminal acts of unknown third persons constitute an independent intervening cause between any act or omission of the hotel and the injuries to appellant. In *Nixon* the plaintiff, a young woman, was assigned to a room in the defendant hotel which she alleged was remote from the main desk. Upon reaching the door to her room she was attacked by an unknown assailant and injured. She brought suit against the hotel claiming negligence in "billeting a single woman in a remote room in a desolate area of the motel" and in failing to furnish adequate guards for the protection of guests of the motel. Summary judgment was granted for the defendant motel and this court affirmed that judgment. Appellee asserts that the facts of

*Nixon* are very similar to the facts in this case. A careful reading of our opinion in *Nixon* shows, however, that the evidence there presented was quite different. The record in *Nixon* consisted only of the plaintiff's original petition, the defendant's original answer, defendant's unsworn motion for summary judgment, plaintiff's unsworn response to such motion, and the plaintiff's deposition. We stated, "[A]n assault by an unknown assailant *under the instant record* permits no other conclusion except that it was a new and intervening cause altogether disassociated with any act of omission or commission on the part of appellee" (emphasis added). The appellee in the case at bar relies upon this phrase to establish his right to prevail here. Appellee's argument is tantamount to a claim that there can be no liability on the part of a hotel for any assault upon a guest by an unknown third person which occurs on the property of the hotel or motel. We do not so read *Nixon.* We stated in *Nixon* that the allegation of negligence was "most tenuous", there being cited no authority requiring an innkeeper to assign any guests to any particular part of a hotel or motel. We found further that the plaintiff had wholly failed to show by summary judgment evidence that she was in fact billeted in a remote or desolate area of the motel. Our finding of "a new and intervening cause altogether disassociated with any act of omission or commission on the part of" the hotel was based upon our conclusion that there was no evidence that the act claimed to constitute the alleged negligence in that case was in fact done by the defendant motel. The decision in *Nixon* was not based upon a finding that there was a new and independent cause breaking the causal connection between an alleged negligent act of the defendant hotel and the injury to the plaintiff, as appellee would have us hold in this case.

As discussed above, appellant's summary judgment evidence raised a fact issue as to whether the hotel acted as a reasonable innkeeper in providing security for its guests under the circumstances. Evidence of inadequate security would be some indi-

cation of "negligence on the part of the innkeeper in connection with the very circumstances which produced the injury". *Nixon, supra,* at 902. The injury to appellant resulted from criminal acts of persons who invaded the premises of the innkeeper. Such invasion by criminals is an occurrence which the security measures of a hotel should reasonably be designed to prevent.

■ Once the plaintiff had introduced some evidence that the innkeeper in fact committed the acts or omissions which he has alleged to be negligence (as was not done by the plaintiff in *Nixon*) then the question of whether the acts of the third persons constitute new and intervening causes is a part of the foreseeability element of the issue of proximate cause. "Ordinarily [of course,] the question of whether an act of negligence was a proximate cause of the consequences presents an issue for determination by the fact finder." *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.Sup.1970). The foreseeability issue under the circumstances before us should be decided by the trier of fact.

■ Under Rule 166–A, Tex.R.Civ.P., the party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Summary judgment should be granted only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.Sup.1970). Appellee has failed to sustain this burden and therefore summary judgment was improper.

We reverse the judgment of the trial court and remand the cause for a new trial.