Jeffrey Bryan **HICKMAN** and Todd Sangali, Appellants,

v.

**AMERICAN PAWN AND JEWELRY, INC., d/b/a American Pawn Superstore, Appellee.**

No. 06–98–00003–CV.

Court of Appeals of Texas, Texarkana.

Argued June 2, 1998.

Decided June 24, 1998.

---

Connie Mitchell, Errol N. Friedman, Friedman Law Offices, Texarkana, for Appellant.

Troy A. Hornsby, James C. Wyly, Miller, James, Miller, Wyly, Hornsby, Texarkana, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Jeffrey Hickman and Todd Sangali appeal from the granting of a motion for summary judgment in favor of American Pawn. Hickman and Sangali alleged that American Pawn's negligence resulted in the two men becoming victims of an armed robbery at the American Pawn store.

Hickman and Sangali, employees of American Pawn, were closing the store on the evening of August 26, 1994. At about 9:15 p.m., two armed men entered the store through the back lot. The two men threatened to kill the appellants, bound them, and took from them various personal effects and other property belonging to the store.

In their original petition, Hickman and Sangali alleged that American Pawn failed to exercise the ordinary care of a reasonable store owner under the same or similar circumstances with regard to security measures

or precautions. Hickman and Sangali claim that the store failed to provide adequate security which would have prevented the robbery.

American Pawn filed a general denial on January 5, 1995, and moved for summary judgment on July 10, 1997. In the summary judgment motion, American Pawn argued that it could not be held liable because a party is not responsible for prevention against third-party criminal acts unless it had reason to know that the criminal acts of third parties were likely to occur on its business premises. In response, Hickman and Sangali contended that American Pawn was aware of prior criminal activity in the back lot of the store and, given this knowledge, had failed to take adequate precautions and provide better security. These prior crimes consisted of vandalism and theft in the back lot where pawned automobiles were stored, the same back lot from which the robbers gained access to the store.

On November 6, 1997, the trial court granted American Pawn's motion for summary judgment, without stating specific grounds. Hickman and Sangali then brought this appeal.

■■■ Summary judgment is appropriate if the summary judgment evidence on file at the time of the hearing shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A defendant who moves for summary judgment must demonstrate that at least one essential element of each of the plaintiff's causes of action has been disproved as a matter of law. *Hammonds v. Thomas,* 770 S.W.2d 1, 1 (Tex. App.-Texarkana 1989, no writ). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce summary judgment evidence of probative force raising a fact issue as to the element negated. *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.-Houston [1st Dist.] 1989, writ denied).

■■■ Under the law of premises liability, an invitee who claims that a premises occupier negligently failed to prevent injury from the criminal act of a third person must prove the elements of a negligence cause of action. *See Allright, Inc. v. Pearson,* 711 S.W.2d 686, 689 (Tex.App.-Houston [1st Dist.] 1986), *aff'd in part, rev'd in part,* 735 S.W.2d 240 (Tex. 1987). The three elements are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987). Hickman and Sangali contend that they met these three elements because (1) American Pawn owed a legal duty to its employees to provide an adequate and secure place of employment; (2) with knowledge of previous criminal activity on its premises, American Pawn breached that duty by failing to remedy the security situation; and (3) as a result of this failure, Hickman and Sangali suffered physical and emotional injuries.

■■■ American Pawn moved for summary judgment on the basis that it had no legal duty to Hickman and Sangali. The existence of a duty is a question of law for the court to decide. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). We will view the facts giving rise to a duty on the part of the premises occupier (American Pawn) in the light most favorable to the nonmovants (Hickman and Sangali) and resolve all doubts in their favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■■■ A business owner is generally not liable to its invitees for the criminal acts of third persons. *Nixon,* 690 S.W.2d at 550. Employees are considered invitees for purposes of premises liability. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 197 (Tex.1963). There are several interrelated factors to be considered in determining whether defendants owe a particular duty. The foremost and dominant consideration is foreseeability of the risk. *El Chico Corp.,* 732 S.W.2d at 311. A business invitor owes a duty to his business invitees to take reasonable steps to protect them from intentional injuries caused by third parties if he knows or has reason to know, from what he has observed or from past experience, that criminal acts are likely to occur. *See Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 625 (Tex.Civ.App.-

Houston [14th Dist.] 1979, writ ref'd n.r.e.). Consequently, American Pawn was entitled to summary judgment if it established as a matter of law that it was not reasonably foreseeable that Hickman and Sangali would be victims of an armed robbery at the store.

It is uncontroverted that this American Pawn store had experienced some criminal activity on the premises. On one occasion, the front windows of the store were shattered and wheels were taken. However, most of the prior criminal activity consisted of vandalism and theft which occurred in the back lot of the store where pawned automobiles were stored. It is through this back area that the armed robbers gained entrance to the interior of the store to assault and rob Hickman and Sangali. Given the previous criminal activities, we must determine if the trial court correctly concluded that those activities did not give rise to a foreseeable harm to the appellants and, therefore, created no duty to them on behalf of the store as a matter of law.

■ The exact crime which led to the negligence claim need not have happened before in order to impose a duty on the premises owner. "[I]t is not required that the particular accident complained of should have been foreseen. All that is required is 'that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen.'" *Carey v. Pure Distrib. Corp.*, 133 Tex. 31, 124 S.W.2d 847, 849 (1939) (citing *San Antonio & A.P. Ry. Co. v. Behne*, 231 S.W. 354, 356 (Tex. Comm'n App.1921, judgm't adopted)).

Hickman and Sangali argue that the crimes which occurred in the back lot created a foreseeable risk of other criminal activity, including activity against employees. American Pawn argues that these property crimes did not give rise to a foreseeable risk to employees. American Pawn suggests that evidence of property crimes alone is insufficient to put land owners on notice of the potential for violent crimes against persons and suggests that only violent crimes may give rise to the foreseeability of other violent crimes. We do not believe the cases cited by American Pawn establish this general proposition. Rather, we construe those cases to mean that prior violent crime is an important factor to be considered in evaluating the foreseeability of subsequent violent crime. *See Walkoviak*, 580 S.W.2d 623 (hotel guest assaulted and robbed in parking lot, where two other robberies had occurred in the past twelve months); *Nixon*, 690 S.W.2d 546 (young girl raped in vacant apartment of defendant where other violent crimes had occurred).

■ Although we are unprepared to endorse American Pawn's assertion that property crime cannot give rise to foreseeable violent crime, we believe that, in this case, the trial court correctly granted summary judgment because there is no summary judgment proof that it was reasonably foreseeable to American Pawn that Hickman and Sangali would be victims of an armed robbery. The uncontroverted summary judgment evidence shows that (1) all prior criminal acts were against property and not employees; (2) the prior acts had occurred outside the store, in a yard area controlled by the store; (3) all prior acts occurred after hours, when the store was not occupied; (4) there had never been a robbery in the store before; (5) no American Pawn employee had ever been injured by a criminal act while performing duties within the course and scope of their employment; and (6) there had never been an armed robbery or burglary at any of the American Pawn locations. Given these facts, the trial judge properly found, as a matter or law, that no duty was owed to the employees since the crime in which they were victims was not foreseeable.

The judgment of the trial court is affirmed.