Appellee=s Second Motion for Rehearing Overruled and Second Motion for
En Banc Rehearing is overruled as moot; Reversed and Rendered and Substitute
Majority Opinion and Concurring Opinion filed April 19, 2007








 

Appellee=s Second Motion for Rehearing Overruled and Second
Motion for En Banc Rehearing is overruled as moot; Reversed and Rendered and
Substitute Majority Opinion and Concurring Opinion filed April 19, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01133-CV

____________

 

EXXON MOBIL CORPORATION, Appellant

 

V.

 

LOUISE ALTIMORE, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV0588

 



 

CONCURRING OPINION ON REHEARING

           
I
acknowledge that foreseeability of the risk of harm is the foremost and
dominant factor to be considered in determining existence of a legal duty. 
However, I  disagree with the majority=s emphasis and
disposition based on lack of foreseeability of the risk of harm to Mrs.
Altimore. 








In the context of legal duty, some of the confusion
relative to foreseeability, rests on the shoulders of the Texas Supreme Court. 
For example, the court has previously analyzed foreseeability under the heading
of proximate cause; however, in defining foreseeability, the court has cited
cases dealing with both duty and proximate cause. See Nixon v. Mr. Prop. 
Mngt. Co., 690 S.W.2d 546, 551 (Tex. 1985) (citing Missouri Pac. R.R. v.
Am. Statesman, 552 S.W.2d 99, 103 (Tex. 1977) (dealing with proximate
cause); Castillo v. Sears, Roebuck & Co., 663 S.W.2d 60, 64 (Tex.
App.CSan Antonio 1983,
writ ref=d. n.r.e.)
(pertaining to duty); Walkoviak v. Hilton Hotels Corp., 580 S.W.2d 623,
625S26 (Tex. App.CHouston [14th
Dist.] 1979, writ ref=d n.r.e.) (dealing with both duty and
proximate cause)).  Consequently, I am not surprised that the majority relies
on the long-recognized, two-pronged test for foreseeability frequently recited
by the Texas Supreme Court which requires: (1) the injury to be of such a
general character as might reasonably have been anticipated; and (2) the
injured party should be so situated relative to the wrongful act that injury to
him or one similarly situated might reasonably have been foreseen.  See Mellon
Mortgage Co. v. Holder, 5 S.W.3d 654, 655 (Tex. 1999) (plurality opinion)
(citing Nixon, 690 S.W. 2d at 769).  The plurality in Mellon purports
to resolve the confusion with the suggestion that the answer is simple:  AThe foreseeability
analysis is the same for both duty and proximate cause.@ Id at
659.  However, in his concurring opinion, Justice Baker reminded his fellow
jurists that proximate cause is usually a jury issue and duty is a threshold
question to be decided by the court.   He recalled Dean Keeton=s approach to duty
and proximate cause: questions about whether a defendant=s liability
extends to a particular class of plaintiffs are questions of proximate cause,
not duty.  Id. at 663. Justice Baker=s concern about
improper bootstrapping of proximate-cause foreseeability into the threshold
duty question was echoed in Justice O=Neill=s dissenting
opinion, joined by Chief Justice Phillips and Justice Hankinson. Id. at
665B68.  I share their
concerns.








The analytical difficulty arises because the second prong
of the above-mentioned two-pronged test should be applied when determining
proximate cause, not legal duty. Much of the evidence considered by the
majority in this case is derived from epidemiological studies.  Epidemiology
necessarily involves classification of persons in different environments for
statistical analysis and forensic studies.  Determining legal duty by
describing the amount and quality of forensic studies which might have
informed  Exxon regarding the risk of harm to Mrs. Altimore or those Asimilarly situated@ takes the focus
off Exxon=s knowledge of a general danger relative to the
qualities of asbestos.  By focusing on epidemiological studies, the majority
fails to follow our earlier pronouncement that foreseeability does not require
a person to anticipate the precise manner in which an injury will occur, once
the person negligently creates a dangerous situation. See Taylor v. Carley,
158 S.W.3d 1, 9 (Tex App.CHouston [14th Dist.] 2004, pet. denied). 
In Taylor, we explained that foreseeability requires only the general
danger, not the exact sequence of events which produces the harm, be
foreseeable. Id. Therefore,  foreseeability of the risk of harm exists
when it reasonably appears or should appear that others may be injured. 
Shell Oil Co. v. Humphery, 880 S.W.2d 170, 175 (Tex. App.CHouston [14th
Dist.] 1994, writ denied). Alternatively, relative to legal duty,
foreseeability means that the actor, as a person of ordinary prudence should
have anticipated the danger that his negligent act created for others.  Isbell
v. Ryan, 983 S.W.2d 335, 339 (Tex. App.CHouston [14th
Dist.] 1998, no writ).  








The majority has conflated reliability of scientific
information for proof of causation with the degree or amount of knowledge a
person must have about the risk of harm before a legal duty attaches. Relative
to determination of proximate cause, I agree that the law must follow
development and accumulation of reliable scientific data.  See Merrrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 728 (Tex. 1997).  However,
if foreseeability of the risk of harm, prerequisite to existence of a legal
duty,  is not established until a defendant receives scientific data recognized
and accepted within the scientific community, many citizens could be seriously
injured or killed before a defendant has impetus to alter its behavior. Here,
there is no dispute between the parties that Exxon was aware of the danger
associated with exposure to asbestos.  Exxon acknowledges that it warned
Baytown employees of potential health effects of asbestos as early as the
1930s. Based on my review of the appellate record, I would conclude that the
risk of harm to Mrs. Altimore was foreseeable because Exxon had knowledge of a
general danger associated with using or handling asbestos during the relevant
period of time. Consequently, I cannot join the majority opinion. 

Finally, I note that the majority=s analysis of
Exxon=s legal duty to
warn Mr. and Mrs. Altimore about the dangers of asbestos dust or to require Mr.
Altimore to remove his clothes and shower before leaving the Baytown plant is
incomplete.  The majority failed to consider other interrelated factors,
including: (1) type of risk, (2) likelihood of injury, (3) social utility of
the defendant=s conduct, (4) magnitude of the burden on the
defendant, and (5) consequences of placing the burden on the defendant.  See
Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994).  Accordingly, my
conclusion regarding foreseeability as a factor in determining legal duty would
not militate a finding that Exxon had a legal duty to Mrs. Altimore.[1] 
          Because of offsets and credits resulting from settlements prior to
trial, the judgment and award which is the subject of this appeal is limited to
punitive damages.  Consequently, I would focus appellate review on appellant=s issues
pertaining to exemplary damages.  After reviewing the record, prerequisite to
determining legal sufficiency of the evidence, I would hold that the evidence
is legally insufficient to support punitive damages.  

 

 








For the reasons stated above,  I concur with the majority=s decision to
reverse the judgment of the trial court and render judgment that Mrs. Altimore
take nothing.     

 

 

 

/s/      Charles Seymore

Justice

 

Judgment
rendered and Substitute Majority Opinion and Concurring Opinion on Rehearing
filed April 19, 2007.

Panel
consists of Justices Anderson, Edelman, and Seymore. (Anderson, J., majority).

 

 

 

 

 

 

 

 

 









[1]  However, considering two of the interrelated
factors, our Legislature has long recognized that the surviving spouse of an
employee whose death was caused by the employer=s gross negligence may recover exemplary damages if the injury that
caused death occurred while the employee was in the course and scope of
employment. Tex. Labor Code Ann. ' 408.001(b) (Vernon 2006).  Arguably, Texas courts
would not create a new class of plaintiffs by acknowledging that the
non-delegable duty to provide a safe place to work extends to an employee=s spouse who sustains bodily injury because of
exposure to toxin transported from the work site.